## HALLOWER v. HENLEY et al.

A master is bound to use reasonable care and diligence to prevent accident or injury to his servant, in the course of his employment; and if he fails to do so, he will be held responsible for the damages.

APPEAL from the District Court of the Sixth Judicial District.

This was an action brought by the plaintiff for damages for injuries

sustained by him while carrying bricks and mortar for the erection of a building in Sacramento, in the employment of defendants, who were building contractors. The complaint avers that the defendants so carelessly and negligently erected the scaffolding, used for the laborers in the erection of the building, that it gave way with plaintiff upon it, causing him to fall; by reason whereof, he sustained the injuries for which he prays damages; and that plaintiff did not and could not know of the imperfections existing in the scaffolding, etc.

On the trial, the jury found a verdict for plaintiff for $650. Judgment was entered accordingly, from which defendants appealed. There is no statement of the evidence in the record.

*Crocker & Robinson* for Appellants.

*Long & Judah* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The rule of law regulating the obligation between master and servant, or contractor and workman, is, that the latter is liable for all accidents occurring in the course of the employment, which are not induced by the carelessness or improper conduct of the employer. In other words, the master is bound to use reasonable care and diligence to prevent accident or injury, and if he does not, he will be responsible for the damages. 4 Metcalf, 55; and 5 Exchequer, 341.

The jury in the present case have found by their verdict, a want of care in providing a suitable and safe means by which the plaintiff could perform his labor, which fact was unknown to him at the time of the accident. The testimony on which the finding was based, has not been sent up. We cannot inquire into the propriety of the verdict.

Judgment affirmed.