# APPENDIX.

## MOSELEY vs. CHAMBERLAIN.*

Congress has no power to provide for the removal to a federal court of a cause commenced in a state court; and so much of the 12th section of the Judiciary Act of 1789 as undertakes to provide for such removal, is invalid. DIXON, C. J., *dissenting*.

One employee cannot recover from his employer for an injury occasioned by the negligence of another employee engaged in the same business. *Chamberlain v. Mil. & Miss. R. R. Co.*, as to this point, overruled. PAINE, J., *dissenting*.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff, as administratrix of her son, Willis Moseley, deceased, commenced her action in October, 1860, in said county court (under secs. 12 and 13, ch. 135, R. S.), to recover damages for injuries done to said Willis (resulting in his death), on the La Crosse and Milwaukee railroad, on the 26th of September, 1859. The complaint alleges that, on the day last mentioned, the defendant was operating said road as lessee or mortgagee in possession, and was engaged in the business of a common carrier, and for that purpose employed baggagemen, engineers, brakemen, and other agents and servants on said road; that on that day said Willis was in the employ of the defendant as baggageman on said road, and was engaged in his duties as such on a train of cars going from Portage City, on said road, towards Milwaukee, when the usual signal was given by the proper officer upon said train to put on the brakes; that thereupon said Willis, in the proper discharge of his duty as such baggageman, put on the brake on the passenger car next to the baggage car; that while he was so engaged, the locomotive was suddenly stopped, in consequence of some of the rails having been removed, and the passenger car was thrown

---

*This case was decided at the June Term, 1861, but has not hitherto been published.—REP.

violently against the baggage car, so as to inflict the injuries of which said Willis died. The complaint further alleges that said injuries and death were caused by the negligence of the defendant in suffering the said defect in the track to remain unimpaired, in permitting said train to run over the track without proper precautions, &c., &c.; and that they occurred without any negligence or wrongful act on the part of the deceased.— The damages were laid at $5,000.

A summons " for relief" in the action, in the usual form, was served upon the defendant, August 13, 1860, without any copy of the complaint; and no copy thereof was served, nor was the complaint filed until December 13, 1860. On the 17th of August, 1860, the defendant filed in the county court a petition (verified by affidavit) to have the cause removed to the district court of the United States for the district of Wisconsin, and proceedings in the county court stayed, on the ground that the petitioner was a citizen and resident of the state of Ohio, and the plaintiff a citizen and resident of Wisconsin; that the matter in dispute exceeded $500, exclusive of costs; and that the petitioner was ready to give, and thereby offered, good and sufficient security for his entering in said district court copies of said process against him, appearing and entering special bail, &c. A bond for the last named purpose, in due form, was filed with the petition, and copies of the petition and bond served upon the plaintiff's attorneys, with due notice of a motion for the removal of the cause. The county court held that it did not appear from the record whether the matter in dispute exceeded five hundred dollars, and overruled the motion, September 14, 1860, with leave to answer; and the defendant answered, first, by a plea to the jurisdiction, and second by a general denial.—When the cause was called for trial, the defendant objected to any further proceedings therein, on the ground that the court had lost jurisdiction. Subsequently he also objected to the introduction of any testimony by the plaintiff, on the ground that the complaint did

not state a cause of action. Both objections were overruled. Afterwards the defendant asked for an instruction to the jury, that the court had lost jurisdiction of the cause by reason of the proceedings taken by the defendant to remove the same to the district court; and also that the facts stated in the complaint did not constitute a cause of action; but both instructions were refused. Verdict and judgment for the plaintiff; and the defendant appealed.

*Finches, Lynde & Miller*, as to the defendant's right to remove the cause to the district court, cited 1 U. S. Stat. at Large, p. 79, sec. 12; 9 id., p. 56, sec. 4; *Gordon v. Longest*, 16 Pet., 97; *Kanouse v. Martin*, 15 How., 198; *Livermore v. Jenks*, 11 How. Pr. R., 479; *Carpenter v. N. Y. & N. H. R. R. Cos.*, id., 481; *Liddle v. Thatcher*, id., 294; *Disbrow v. Driggs*, 16 id., 346; *Suydam v. Smith*, 1 Denio, 263; *Shelby v. Hoffman*, 7 Ohio St., 450; *Brown v. Crippin*, 4 Hen. & Mun., 173; *Bebee v. Armstrong*, 2 Cond. La., 220; *Duncan v. Hampton*, id., 287; *Potter v. Richardson*, id., 455–461; *Johnson v. Wall*, id., 539; *State Bank v. Morgan*, 3 id., 318; *Fitz's Syndic v. Hayden*, id., 425; *Beatty v. Ross*, 1 Flor., 198; *Adler v. Cole*, 12 Wis., 188. The defendant waived no right by filing his answer. *Gordon v. Longest*, 16 Pet., 97; *Foster v. Bacon*, 9 Wis., 345. 2. Counsel contended that the complaint was fatally defective, because it did not show that Willis Moseley left no widow or children, nor did it show any parties living who had a right, under the statute, to recover compensation for his death, the mother not being recognized by the common law as a "lineal ancestor." *Pa. R. R. Co. v. Vandever*, Hillyer's Am. R. R. Mag., Vol. 5, No. 1, p. 10; 36 Pa. St., 298; *Hall v. Crain*, Western Law Monthly, Vol. 2, No. 11 (Nov., 1860), 593; *Lucas v. N. Y. Central R. R. Co.*, 21 Barb., 247; *Quin v. Moore*, 15 N. Y., 432; *Johnston v. Cleveland & Toledo R. R. Co.*, 7 Ohio, 336; *Safford v. Drew*, 3 Duer, 627; Abbott's Pleadings, 376. 3. To the point that no action can be maintained by an employee against his principal for injuries received under the circumstances men-

tioned in the complaint, counsel cited 3 Mees. & Wels., 1; 5 Exch., 344; id., 355; 24 Eng. L. & E., 396; id., 77; 36 id., 486; 37 id., 281; 1 McMullan (S. C.), 285; 1 Am. Law Reg., 717; 23 Pa. St., 384; 4 Met., 49; 3 Cush., 270; 6 id., 76; 9 id., 112; 10 id., 228; 15 Ill., 550; 21 id., 20; 22 id., 642; 43 Me., 269; 2 Richardson (Va.), 455; 22 Ala., 294; 24 id., 21; 19 Law Rep., 551; 6 La., 495; 15 Ga., 349; 6 Ind., 205; 13 id., 366; 8 Ohio St., 249; 4 Sneed, 43; 6 Barb., 231; 15 id., 574; 1 Seld., 492; 6 Hill, 594; 17 N. Y., 134; id., 153; 18 id., 432.

*Smith & Salomon*, for respondent:

The provision in sec. 12 of the Judiciary Act, for the removal of actions from the state to the federal courts, is not warranted by the constitution of the United States. If it is valid, then congress may take away all jurisdiction from the state courts " in controversies between citizens of different states." But the jurisdiction intended to be conferred by the constitution is not exclusive but concurrent with that of the state courts, the word "all" being omitted in the clause of sec. 1 affecting these cases. 2. The act does not apply to Wisconsin, there being no U. S. circuit court in this state. The Kentucky district is named in the act, and the removal in that district was to the district court. But we may well urge that the provision in the act admitting Wisconsin (9 Stat. at Large, 57), that the U. S. district judge shall have the same jurisdiction and powers which were by law given to the judge of the Kentucky district, does not make it compulsory on the state court in Wsiconsin to abandon its jurisdiction over a cause pending before it, on petition under this act. 3. Sec. 12 provides for the removal only in case it is " made to appear to the satisfaction of the court " that the matter in controversy is over five hundred dollars. The opinion of the judge on file shows that this was not made to appear to the satisfaction of the court; and this would seem to be conclusive as his finding of a fact which cannot be reviewed. And on examination it will appear

that he could have come to no other conclusion. When the petition was filed there was only one paper in the suit, viz., the summons. This was "for relief," and of course stated neither the cause of action nor the amount claimed. In that stage of the case, how could it appear to the county court that the amount in controversy exceeded five hundred dollars? True, the petition, verified by affidavit, so states; but the court's judicial knowledge that there was then *no* amount in controversy would overcome any affidavits whatever. The amount of damages claimed in the writ or declaration determines the right to remove in such cases. *Gordon v. Longest*, 16 Pet., 97. Hence the application was necessarily denied when made, and it was never renewed. The plaintiff afterwards called in question the correctness of the previous decision, and urged that, in consequence of the filing of the petition, the county court had lost jurisdiction of the action; but he did not pretend to make a new application. 4. The complaint names a "lineal ancestor" of the deceased, to wit, his mother, who had sustained pecuniary damage by his death. It was not necessary to allege that he left no widow or child. The plaintiff's *right of action* did not depend upon that circumstance. *Dickens v. N. Y. Central R. R. Co.*, 28 Barb., 41; *Chicago v. Major*, 18 Ill., 349; *Johnston v. R. R. Co.*, 7 Ohio St., 336.

*By the Court*, DIXON, C. J. The action was commenced in the county court of the county of Milwaukee by the plaintiff, a citizen and resident of this state, against the defendant, a citizen and resident of the state of Ohio. The defendant applied under the twelfth section of the judiciary act of 1789, (U. S. Stat. at Large, p. 79) for the removal of the cause into the district court of the United States for this district, which was refused. I hold that the defendant's petition and proceedings for that purpose were regular, and that the cause ought to have been removed. I think, therefore, that the county court lost jurisdiction of the case, and that the judgment should, for that

reason, be reversed. My brethren, however, are of a different opinion. They hold that congress has no power to provide for the removal of a cause from a state to a federal court, and consequently, that the application was properly denied. But upon the law governing the merits of the case they disagree. Justice PAINE adheres to his opinion expressed in *Chamberlain v. Mil. & Miss. R. R. Co.*, 11 Wis., 238, that an employee can recover of his employer for an injury occasioned by the negligence of another employee engaged in the same business; while Justice COLE thinks that he cannot. This diversity of opinion between them makes it necessary for me to express my opinion upon this question, in order that the cause may be determined, although upon the merits I think we have no jurisdiction of it. I recede from the opinion of the majority, in which I then concurred, in *Chamberlain v. Mil. & Miss R. R. Co.*, and agree with Justice COLE that the doctrine of that case must be overruled.

In coming to this conclusion I have no words of apology to offer, and but few observations. The argument on both sides was long since exhausted. I recede more from that deference and respect which is always due to the enlightened and well considered opinions of others, than from any actual change in my own views. The judgment of the majority in that case is sustained by weighty and powerful reasons. Like reasons are not wanting on the other side, and that side is sustained by the almost unanimous judgments of all the courts both of England and this country. I think I am bound to yield to this unbroken current of judicial opinion. At the time that decision was announced, it was supposed that the doctrine had been or would be sustained by the courts of Ohio and Indiana; but by the reports which have more recently reached us, it appears that they hold the very opposite (*Whaalon v. The Mad River & Lake Erie R. R. Co.*, 8 Ohio St., 249; *The Ohio & Miss. R.*

*R. Co. v. Tindall*, 13 Ind., 366); so that now the case stands alone, in opposition to the decisions of all the courts of both countries, and I think, with Justice COLE, that it must be overruled.

Judgment reversed, and a new trial awarded.