CHARLES F. WALSH *vs.* PEET VALVE COMPANY & another.

A mechanic employed by and in the presence of the inventor of a new machine to move it, was injured in the hand by the fall of part of the machine owing to its imperfect construction.  *Held,* that if he did not know or have reason to know that it was dangerous to place his hand as he did, in order to move the machine as directed, and if the inventor knew or ought to have known it, and gave him no warning, he could recover for the injury in a suit against the inventor.

TORT against the Peet Valve Company and Samuel J. Peet, a director and general agent and superintendent of the company, for

personal injuries suffered by reason of the defendants' negligence in the construction and use of a machine. At the trial in the Superior Court, before *Rockwell*, J., it appeared that the machine in question consisted of two heavy iron boxes, called flasks, one of which rested on wheels so as to run on a track placed on the ground, and the other, of the same size, was suspended directly above it, by means of a beam attached by its middle to the ceiling, from each end of which beam a chain was suspended, terminating in a ring, which was slipped on to a trunnion projecting from each end of the upper flask. The trunnions were nearly two inches long, and of the same diameter throughout their whole length. At the time of the accident the upper flask was unevenly balanced, so that one end was tipped down and rested lightly on the lower flask, and the accident was caused by the slipping of the ring off the trunnion at the other end. The machine was a new invention, made by the defendants, and used by them in making experiments.

The plaintiff testified that he was a house-joiner, and was sent by the foreman of the shop in which he worked to do a job required by the defendant Peet; that he went to the room where the machine was, and where Peet and one of his workmen were present, and was told by Peet to shove the bottom flask ; that he put his left hand on the flask, so that his fingers were over it, and his hand at the end ; and that the upper flask, which was about three feet above the lower, at that end, then fell and crushed his hand ; that he did not touch any other part of the machine ; that the room was dark, and he did not observe the construction of the machine, nor receive any caution concerning it.

Other witnesses for the plaintiff testified that the machine was not safe, by reason of the absence of any projection or collar on the trunnions, which might prevent the rings from slipping off ; that if the upper flask had been properly suspended, it would have been safe for the plaintiff to have placed his hand as he did; and that the plaintiff by placing his hand as he did, could best shove the lower flask as desired.

The defendants' evidence tended to show that the manner in which the upper flask was suspended was safe and proper, and that the plaintiff did not exercise due care.

At the close of the evidence on both sides, the defendants asked the judge to rule that there was no evidence of their negligence; that on the evidence, the plaintiff did not exercise due care; and that placing the hand as the plaintiff did, without observing the construction of the machine, was such a want of due care as would prevent a recovery. But the judge refused so to rule, and submitted the case to the jury under instructions not objected to. The jury returned a verdict for the plaintiff for $3000, and the defendants alleged exceptions.

*J. D. Long,* for the defendants.

*W. A. Field & E. O. Shepard,* for the plaintiff.

BY THE COURT. The case finds that at the time of the injury the plaintiff was at work, in the presence of his employers, upon a newly invented machine which he had never seen before. His claim is, that, in whatever he did, he acted under their directions given upon the spot, which he supposed would not have been given if they had considered it unsafe for him to follow them. If he did not know, or have any reason to suppose, that the upper flask was so imperfectly balanced or badly secured as to make it dangerous for him to place his hand upon the lower flask, in order to move it along, as they directed him to do; and if they did know or ought to have known it, and gave him no warning of the danger, he would be entitled to recover. *Cayzer* v. *Taylor,* 10 Gray, 274. *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572. Upon this point there was a conflict of evidence, and of course the case could not properly have been withdrawn from the jury.

*Exceptions overruled.*