## SARAH J. PRICE v. HOUSTON DIRECT NAVIGATION CO.

1. DAMAGES—SUIT BY WIDOW FOR INJURY TO HER HUSBAND.—The act of February 2, 1860, (Paschal's Dig. 15, 16,) authorizing the heirs, &c., to bring suit where the injured party could, himself, have maintained an action for injury occasioned by the negligent, culpable or wrongful act of another, was not repealed by sec. 30 of art. 12 of the Constitution of 1869.

2. CASE APPROVED.—H. & T. Central R. R. Co. *v.* Bradley, 45 Tex., 171.

3. MASTER'S LIABILITY TO SERVANT FOR INJURY BY FELLOW-SERVANT.—The master is not liable for injuries sustained by his servant through the negligence or default of a fellow-servant.

APPEAL from Harris. Tried below before the Hon. James Masterson.

The steamboat Henry A. Jones, owned by the defendant, (a corporation, created by the laws of Texas,) loaded at Houston on the 13th February, 1873. The load was chiefly cotton, in bales, and whilst in Galveston Bay, from some reason, fire was communicated to the cotton, or to the vessel. The fire was first discovered about five o'clock in the morning. When first seen, it seems to have been well under way.

Of a crew of fifty-six persons, twenty-three were lost; and among the lost was John J. Price, husband of Sarah E. Price, the plaintiff, who sued for damages resulting from the death of her husband. She alleged various omissions of duty on the part of those in charge of the steamboat at the time of the disaster, as well as various deficiencies in the outfit of the boat, and the want of full complement of skilled officers in charge and in command of the boat at the time of the disaster. She claimed, that by reason of the wilful acts and omissions of defendant's servants, (which were set out,) her husband, who was, at the time, a clerk on said boat, in the employ of said company, lost his life, whereby an action for damages had accrued to her as surviving widow.

The defendant pleaded the general denial.

The jury found a verdict for the defendant, and the plaintiff appealed. From the grounds of the opinion, no further statement of the case is necessary.

*Wheeler & Rhodes,* for appellant.—As a true statement of the rules of law applicable to this case and the law which ought to have been given in charge to the jury, we rely confidently upon the opinion, delivered by Judge Robertson, of the Supreme Court of Kentucky, in the case of L. & N. R. R. Co. v. Collins, 2 Duvall, 114; we refer also to Identity of Corporations and Agents, 2 Duvall, 116; 8 Allen, 447; 57 Me., 202; Goddard v. Grand Trunk Railway Company, 2 Am. Reps., 495–500; 47 Mo., 567; Harper v. St. Louis R.

R. Co., 4 Am. Reps., 358; 2 Redfield on Railways, 231, 515; 14 How., 87, 96, 483; The Philadelphia Railway Co. *v.* Derby, 27 How., 209, 210; 4 Head., (Tenn.,) 642; Rex *v.* Medley, 25 Eng. C. L. Reps., 441; 34 Barb. N. Y., 274; 5 Ind., 201, 202, 340, 345.

No brief for appellee has reached the reporters.

MOORE, ASSOCIATE JUSTICE.—The act of February 2, 1860, authorizing the heirs, legal representatives, or relations of deceased persons to sue for and recover damages where the death of such persons has been caused or occasioned by the negligent, culpable, or wrongful act of another, as was decided by the majority of the court at its last session at this place, in the case of the Houston and Texas Central R. W. Co. *v.* Bradley, guardian, is in force and unrepealed by section 30, article 12, of the Constitution of 1869. Appellant's right to maintain the action must, therefore, be conceded, if an action could have been maintained against appellee by her husband, for the alleged negligent, culpable, or wrongful acts charged to have occasioned his death, if death had not ensued. To determine whether an action could have been maintained by appellant's husband, John J. Price, if death had not ensued from the alleged unfitness, gross negligence, or carelessness of appellee's servants and agents, it is necessary for us to determine the general proposition, whether the master is liable for injuries sustained by his servant through the wrongful act, negligence, or default of a fellow servant.

Although the question has not been heretofore authoritatively ruled upon by this court, still it has been so thoroughly discussed and repeatedly decided by the courts of Great Britain, Ireland, and almost every State of America, with the same result, that it can hardly now be regarded as presenting an open question. It would be an idle consumption of time for us to enter into an elaborate consideration of the question, or undertake to vindicate the conclusions reached

in the courts in which it has been discussed with such remarkable unanimity of conclusion. If we were to attempt to do so, we would be forced to journey along a plain, familiar, and well-traveled road, and could only hope to entertain those who might accompany us with the reiteration of legal principles, arguments, and illustrations often presented by others with much more force and clearness than we could hope to do. We will, therefore, content ourselves with the citation of the authorities, in which the principle of non-liability of the master for damages, on account of injuries sustained by the negligence of a fellow servant, has been directly decided or clearly recognized. For which, in the main, we are indebted to the research and erudition of counsel in the different cases pending before us, involving this point. (Hutchinson v. Railway Co., 5 Exch., 343; Priestley v. Fowler, 3 Mees. & Wel., 1; Barton's Hill Coal Co. v. Reed, 3 Macy T. & S., 266; Brown v. Cotton Co., 3 H. & N., 511; Walker v. Bolling, 22 Ala., 294; Cook v. Parham, 24 Ala., 21; Mobile and O. R. R. v. Thomas 42 Ala., 672; Hollower v. Henley, 6 Cal., 209; Yeomans v. C. C. S. Nav. Co., 44 Cal., 71; Burke v. Norwich and W. R. R., 34 Conn., 474; Ill. Cent. R. R. Co. v. Cox, 21 Ill., 20; Chicago & A. R. R. Co. v. Murphy, 53 Ill., 336; 15 Ill., 550; 37 Ill., 108; Madison & Ind. R. R. Co. v. Bacon, 6 Port. (Ind.,) 205; Ind. R. R. Co. v. Love, 10 Ind., 554; Ohio & Miss. R. R. Co. v. Tindall, 13 Ind., 367; Ohio & Miss. R. R. Co. v. Hammersley, 18 Ind., 376; Wilson v. Madison & C. R. R. Co., 28 Ind., 371; Col. & Ind. R. R. Co. v. Arnold, 31 Ind., 174; Pittsburg R. R. Co. v. Ruby, 38 Ind., 294; 47 Ind., 499; Sullivan v. Miss. & C. R. R. Co., 11 Iowa, 421; 32 Iowa, 357; Union Pacific R. R. Co. v. Young, 8 Kan., 658; Hubgh v. N. O. R. W. Co., 6 La. Ann., 495; Farwell v. Boston & Worcester R. R. Co., 4 Met., 49; 3 Cush., 276; Gillshannon v. Stony Brook R. W. Co., 10 Cush., 228; Gilman v. Eastern R. R. Co., 10 Allen, 233; 11 Allen, 419; Coombs v. New Bedford, 102 Mass., 572; 110 Mass., 23; Lawler v. Androscog-

gin R. R. Co., 62 Me., 463; Bryan *v.* Cumberland Valley R. R. Co., 11 Harr., 384; Wonder *v.* B. & O. R. R. Co., 32 Md., 411; 20 Md., 212; Michigan R. R. Co. *v.* Leahey, 10 Mich., 193; Davis *v.* Detroit R. R. Co., 20 Mich., 105; New Orleans and G. N. R. R. *v.* Harrison, 48 Miss., 112; McMahon *v.* Davidson, 12 Minn., 357; Harper *v.* I. and St. L. R. R. Co., 47 Mo., 567; Devitt *v.* Pacific R. R. Co., 50 Mo., 302; Brothers *v.* Carter, 52 Mo., 372; Fifield *v.* R. R. Co. 42 N. H., 240; 31 N. J., 293; 34 N. J., 151; Russell *v.* Hudson River R. R. Co., 17 N. Y., 134; 18 N. Y., (4 Smith,) 432; Sherman *v.* Rochester R. R. Co., 17 N. Y., 153; 39 N. Y., 468; Laning *v.* New York Central R. R. Co., 49 N. Y., 528; 53 N. Y., 449; Ponton *v.* Wilmington R. R. Co., 6 Jones, (N. C.,) 245; Ryan *v.* Cumberland Valley R. R. Co., 23 Penn. St., 384; Frazier *v.* Penn. R. R. Co., 38 Penn., St., 104; Caldwell *v.* Brown, 53 Penn. St., 453; Weger *v.* Penn. R. R. Co., 55 Penn. St., 460; 59 Penn. St., 239; 61 Penn. St., 58; Ardes County Coal Oil Co. *v.* Gilson, 63 Penn. St., 150; Murray *v.* South Carolina R. R. Co., 1 McMullan, 385; Fox *v.* Sanford, 4 Sneed, 364; Noyes *v.* Smith, 28 Vt., 59; Hard *v.* Vermont R. R. Co., 32 Vt., 473; Hawley *v.* Baltimore & Ohio R. R. Co., 6 Am. Law Reg., 352; Chamberlain *v.* Milwaukee R. R. Co., 7 Wis., 425; Moseley *v.* Chamberlain, 18 Wis., 700; 30 Wis., 674.)

To rebut this overwhelming array of authority, we are referred by counsel on the opposite side of the question, and there has otherwise come to our notice, only the decisions of the Supreme Court of the States of Kentucky and Ohio, and an opinion of Lord Cockburn, as regards the law of Scotland on the subject. But these decisions, we think, cannot be justly regarded as of any great weight. The leading case on the subject, in Kentucky, is that of The Louisville and Nashville R. R. Co. *v.* Collins, 2 Duval, 114. The subsequent decisions (4 Bush, 507, and 6 Bush, 579) merely follow it. It cannot be questioned, that in this case Judge Robertson defends the propositions, upon which he insists with his usual vigor of

thought and acute and discriminating powers of reason. But the learned judge cites, throughout the opinion, not a single authority in its support. It can only be regarded, therefore, as entitled to such weight as its inherent force, and the approval of the learned court from which it emanates, gives it. The earliest of the cases cited from Ohio, (Little Miami R. R. Co. v. Stevens, 20 Ohio, O. S., 415,) to which the subsequent cases of C. C. and C. R. R. Co. v. Keary, 3 Ohio, 201, and P. Ft. W. and C. R. W. Co. v. Devinney, 17 Id., 197, certainly give no additional strength, was decided by a divided court. Only two of the four judges upon the bench concurred in the decision upon the point to which it is here cited. And the opinion of Lord Cockburn seems also to have been overruled, or, at least, not to have met with subsequent approval, in the House of Lords. (3 Macq., 206.)

There being no error in the judgment, it is affirmed.

AFFIRMED.