THE HOUSTON & T. C. R. R. Co. v. JOHN WILLIE.

*(Case No. 3530.)*

1. SERVICE OF PROCESS — STATUTES CONSTRUED.— In a suit against a railway corporation, service of process was made in August, 1874, under the provisions of the act of February 7, 1854 (Pasch. Dig., art. 4888), "by leaving with the within named defendant, the H. & T. C. R. R. Co., at their chief office in Houston," a true copy of the citation and the accompanying certified copy of·plaintiff's petition. On the proposition that a motion to quash the service should have prevailed, *held* —

    1. The second section of the act of March 21, 1874, entitled "An act to fix the venue in certain cases," and the second section of the act of April 17, 1874, entitled "An act to confer jurisdiction in certain cases," did not repeal by implication the provisions of art. 4888, Pasch. Dig., but were intended to be cumulative.

    2. The motion to quash was properly overruled.

2. EVIDENCE — DAMAGES — INJURY FROM MALICE OF A FELLOW SERVANT. In a suit for damages for personal injuries, brought by a brakeman against a railway company, in which the unskilfulness and incompetency of the

engineer were charged as causes of the injury, the court admitted in evidence the declarations of the engineer to the plaintiff, to the effect that he would as soon run over him as not.  *Held* —

1. The evidence was admissible, as a circumstance showing the want of care on the part of the company in the selection of him as its engineer, but it should have been so restricted by appropriate instructions to the jury.

2. The personal malice indicated by the declaration, if the cause of the injury, would not render the company liable for actual damages thus inflicted on a fellow servant, and the jury should have been so instructed.

3. MEASURE OF DAMAGES.— In a suit for damages by an employe of a railway company for injuries sustained, which permanently disabled him, the jury were instructed that, if they found for plaintiff, to find no greater sum than a sum which, put at interest, would produce annually a sum equal to the difference between what plaintiff could earn before his injury, and what his ability would be restricted to earning, in consequence of the injury.  *Held*, error.

4. NEGLIGENCE.— If a railway company is not guilty of negligence in the selection of an engineer, it is not liable to his fellow servant for injuries resulting to such fellow servant from the want of proper care on the part of the engineer.

APPEAL from Travis.    Tried below before the Hon. E. B. Turner.

The case is sufficiently stated in the opinion.

*Hancock, West & North* for appellant.

I. The acts of March 21, 1874 (Laws of 1874, 31), and of April 17, 1874 (Laws of 1874, 107), require service of citation to be made on the president, secretary, treasurer, principal officer or agent of a corporation, and repeal that portion of article 4888 of Paschal's Digest which authorized another mode of service.  Bryan *v.* Sundberg, 5 Tex., 424; Rogers *v.* Watrous, 8 Tex., 65; Stirman *v.* State, 21 Tex., 736; Fayette Co. *v.* Faires, 44 Tex., 517; United States *v.* Case of Hair Pencils, 1 Paine C. C., 400; Dean of Ely *v.* Bliss, 5 Beav., 582; Potter's Dwarris on Statutes, 154–160; Missouri *v.* Severance, 55 Mo., 378, 386, 387; United States *v.* Tynen, 11 Wall., 88; Harrington *v.* Rochester, 10 Wend., 548; People

*v.* Burt, 43 Cal., 561; Rex *v.* Cator, 4 Burr., 2026; Robinson *v.* Schmidt, 48 Tex., 17; Norris *v.* Crocker, 13 How., 429; Evansville *v.* Bayard, 39 Ind., 450; Thorpe *v.* Schooling, 7 Nev., 15; *Ex Parte* Smith, 40 Cal., 419; Parrott *v.* Stevens, 37 Conn., 93; Cumberland *v.* Magruder, 34 Md., 381; N. L. N. R. R. Co. *v.* B. & A. R. R. Co., 102 Mass., 386.

II. Appellant is not liable to appellee for injuries which he may have received from the engineer, Cederburg, by reason of the latter's malicious acts, and this evidence objected to was irrelevant, and calculated to prejudice appellant before the jury.   The court refused to exclude from the consideration of the jury the uncalled for statement of appellee, while testifying, to the effect that his co-servant had said to him, appellee, just before the accident, "You black son of a bitch, I'd just as soon run over you as not."   "Cederburg was mad, and cursed me when I told him to back slowly."   This suit is brought for the recovery of damages caused by appellant's negligence.

III. In order that a servant may be entitled to recover damages from his master for the acts of his fellow servants, while both are in the discharge of their common employment, he must show negligence on the part of the master in selecting an incompetent fellow servant, or in retaining him after his incompetency is brought to the master's knowledge.   On this point appellant asked the court to charge as follows:   It is not sufficient for plaintiff to show that the engineer may have been negligent at time of accident, or that the drawhead was defective, but he must also show that defendant was negligent in employing the engineer, and in providing the machinery.   And if plaintiff knew the defective condition of the drawhead, and failed to use precautions commensurate with the increased risk, plaintiff cannot recover, if the injury was caused by the want of such precautions.   Price *v.* H. D. N. Co., 46 Tex., 535; R. R. Co. *v.* Miller, 51 Tex., 274; Robinson *v.* R'y Co., 46 Tex., 549.

IV. In order that a servant may recover damages from his

master for injuries sustained while in the discharge of his duties, from defective machinery, he must show negligence on the part of the ·master in providing unsuitable and dangerous apparatus, or in allowing it to remain in such condition after he has been informed of its defective condition, and if the servant continues to be content to use such defective machinery, he runs the additional risk thus knowingly and freely incurred by him. On this point, and in connection with the last proposition, the court instructed the jury that "if the coupling apparatus was out of repair, and in such condition as to render the work of coupling more dangerous and hazardous than ordinarily," and the engineer backed, etc., then plaintiff should recover. On this point appellant asked the court to charge as shown under the last proposition. Ladd v. New Bedford R. R. Co., 119 Mass., 412; Gildersleeve v. F. W. J. & S. R. R. Co., 33 Mich., 133; Shearman & Redfield on Negligence (2d ed.), 111–127; Redfield's Law of Railways (4th ed.), 465 et seq.; Southern Law Review, April, 1876, article by Judge Cooley; Cannon v. C. R. & P. R. R. Co., 19 Mo., 285; Gibson v. Erie R'y Co., 63 N. Y., 449; Moss v. P. R. R. Co., 49 Mo., 167; Dewey v. C. & N. W. R'y Co., 31 Iowa, 373; Devitt v. P. R. R. Co., 50 Mo., 302; Dow v. Kansas P. R'y Co., 8 Kan., 642; U. P. R'y Co. v. Milliken, id., 647; R. R. Co. v. Doyle, 49 Tex., 198; U. P. R'y Co. v. Young, 8 Kan., 658.

V. The measure of damages is the actual amount of damages proved on the trial as the direct consequence of the injury.

VI. The court erred in overruling defendant's motion for new trial, for all the reasons set forth in said motion.

VII. The verdict is against the evidence, and unsupported by evidence. It is excessive and oppressive.

*John W. Robertson* for appellee.

I. The court did not err in overruling defendant's motion to quash the return of service of the citation. Pasch. Dig.,

art. 488; Act March 21, 1874 (General Laws 1874, p. 31); Act April 17, 1874 (General Laws 1874, p. 107); Art. 12, sec. 17, Const. 1869; Breen v. T. & P. R. R. Co., 44 Tex., 303; Thouvenin v. Rodrigues, 24 Tex., 478; Cain v. State, 20 Tex., 358; State v. Delesdenier, 7 Tex., 105–108; 1 Sm. & Marsh., 590; Seymour v. Cooley, 9 La., 73; 9 Bac. Ab., title "Statute," letter I, § 9, p. 243; Pasch. Dig., art. 117; Rules for District Court, No. 5355.

II. The evidence excepted to was not irrelevant, and could not and did not prejudice appellant before the jury.   1 Greenl. Ev., 108 *et seq.*

III. The court did not err in its charge to the jury on the measure of damages.  R. R. Co. v. Le Gierse, 51 Tex., 203; R. R. Co. v. Miller, 49 Tex., 322; Chicago & N. W. R. R. Co. v. Jackson, 55 Ill., 492.

IV. The court did not err in its instruction as to appellant's liability to appellee for damages sustained by him while in the employ of appellant.   A servant is entitled to recover from the master damages sustained by the acts of a careless, incompetent or imprudent fellow servant, when the master retains such incompetent fellow servant in his service after his unfitness is known to the master, or might have been known, by the exercise of ordinary care.   Appellant denied only that he had been negligent in selecting servants and in providing suitable machinery, etc., and appellee with want of care.   The jury believed the evidence sufficient to sustain the charge of negligence in retaining this engineer in service by appellant. The charge of the court presents the law as applicable to the facts proved.   The terms "agents and employes," as used in the charge, clearly meant, when the charge is considered as a whole, those who made up the train under appellant's orders and who were responsible for the condition of the cars and their appliances, and Cederburg, the engineer, whose reckless and imprudent conduct was in evidence.   There was no evidence as to negligence on the part of any other employe, and the jury could not have misunderstood the charge.  H. & G. N.

R. R. Co. v. Randall, 50 Tex., 259; R. R. Co. v. Gorbett, 49 Tex., 580; Price v. H. D. N. Co., 46 Tex., 537; Hough v. T. & P. R. R. Co., 100 U. S., 213; 1 Redfield on Railways, 544; Gilman v. Eastern R. R. Co., 13 Allen, 433; Laning v. N. Y. C. R. R. Co., 49 N. Y., 521 *et seq.;* Ill. Central R. R. Co. v. Jewell, 46 Ill., 99; Moss v. Pacific R. R. Co., 49 Mo., 167; P., F. W. & C. R. R. Co. v. Ruby, 38 Ind., 294; Davis v. Detroit, etc., R. R. Co., 20 Mich., 105; McMahon v. Davidson, 12 Minn., 357; Weger v. Pa. R. R. Co., 55 Pa. St., 460; Frazier v. Pa. R. R. Co., 38 Pa. St., 104; Wright v. N. Y. Central R. R. Co., 28 Barb., 80; Hutchinson v. Railway Co., 5 Exch., 343.

V. The master is bound to provide his servant with safe and suitable machinery and apparatus with which to perform the labor he is engaged to do, and if the servant is injured by reason of the master's negligence in providing him with defective machinery, the master will be liable for the damages sustained. H. & G. N. R. R. Co. v. Randall, 50 Tex., 259; H. & T. R'y Co. v. Oram, 49 Tex., 344; Same v. Dunham, id., 185, and cases cited in opinion; R. R. Co. v. Doyle, id., 198; Hough v. T. & Pacific R. R. Co., 100 U. S., 213, and cases cited; Keegan v. Western R. R. Co., 8 N. Y., 175; Noyes v. Smith, 28 Vt., 59; Snow v. Housatonic R. R. Co., 8 Allen, 441; Hackett v. Middlesex Manuf'g Co., 101 Mass., 101; Ill. Central R. R. Co. v. Welch, 52 Ill. 183; Fifield v. N. R. R., 42 N. H., 225; Flike v. B. & A. R. R., 53 N. Y., 549; C. & N. W. R. R. Co. v. Swett, 45 Ill., 197.

VI. The agents and employes of a railway company, whose duty it is to inspect its cars and make up its trains, are not fellow servants of the brakeman who is engaged in running the train, and the master will be responsible to the brakeman if he is injured through the negligence of such employes. H. & T. C. R. R. Co. v. Dunham, 49 Tex., 185; Flike v. B. & A. R. R., 53 N. Y., 549; Ford v. Fitchburg R. R. Co., 110 Mass., 240; Wright v. N. Y. Central R. R. Co., 25 N. Y., 562; Chicago & N. W. R. R. Co. v. Jackson, 55 Ill., 492.

BONNER, ASSOCIATE JUSTICE.— The appellee, John Willie, sued the appellant, the Houston & Texas Central Railway Company, for alleged damages for injuries occasioned when in the discharge of his duty as brakeman, in an attempt to couple the train of the defendant company, which resulted in the loss of an arm, and by which he has been permanently disabled.

The legal grounds of his complaint may be stated in general terms to have been alleged carelessness on the part of the defendant company in the employment of other servants who were incompetent and unskilful, and particularly the engineer, Cederburg, in charge of the train; and in the failure to furnish proper coupling apparatus, which rendered his service unusually hazardous and dangerous.

. Among other defenses, there was a motion to quash the return of service, which was overruled.

On the trial, judgment was rendered for plaintiff for $2,000, from which this appeal is taken.

The first error assigned is, that " the court erred in overruling appellant's motion to quash return of service of citation."

The proposition of defendant under this assignment is, that " the acts of March 21, 1874 (Laws of 1874, 31), and of April 17, 1874 (Laws of 1874, 107), require service of citation to be made on the president, secretary, treasurer, principal officer, or agent, of a corporation, and repeal that portion of article 4888 of Paschal's Digest which authorized another mode of service."

The return on citation shows that it was served by the sheriff of Harris county, " by leaving with the within named defendant, the H. & T. C. R. Co., at their chief office, in Houston, Texas, a true copy of this citation and the accompanying certified copy of plaintiff's petition."

This service was made under the act of February 7, 1854 (Pasch. Dig., art. 4888), to regulate railroad companies, which provided that " all process against such company shall be

served on the president or secretary, or by leaving a copy at the principal office of the company." ·

The subsequent act, March 21, 1874 (14th Leg., 31), is entitled " an act to fix the venue in certain cases."

The first section provides for the institution of suits against public or private corporations, including railroad companies, in any county where the cause of action, or a part thereof, accrued, or in any county where such corporation has an agency, or representative, or in the county in which the principal office of such corporation is situated.

The second section provides that service of process on any such corporation may be had by delivering a copy of such process * * * to the president, secretary, treasurer, principal officers or the agent.

The act of April 17, 1874, is entitled " an act to confer jurisdiction of certain civil causes on the courts in the several counties in this state."

By section first it is provided that any public or private corporation * * * may be sued in any county in this state in which the cause of action or any part thereof arose.

By section second it is provided that service of process may be had on any such corporation by the delivery of a copy to the agent or person representing the same, in the county in which the cause of action, or a part thereof, arose.

We are not advised why the legislature, at the same session, passed two separate statutes, so similar in their provisions that they could have been very appropriately incorporated into one and the same act.

As service was not had in this case under the second section of the act, March 21, 1874, we pass by the question raised in Breen v. R. R. Co., 44 Tex., 302, of the constitutionality of that section, because its object is not sufficiently expressed in the caption.

When we consider the mischief intended to have been remedied, evidently the controlling object of both these acts was

to confer that jurisdiction upon the courts of the county in which the cause of action originated, which formerly was exercised by the courts of the domicile of the corporation; and that the provision for service of process was but incidental to this controlling object.

Although to some extent they embrace the same subject matter of the act of February 7, 1854 (Pasch. Dig., art. 4888), yet we do not believe that they were intended to so entirely comprehend it, as to repeal by implication this former statute, but were rather intended to be cumulative.

So far as advised, this is the view generally entertained by the profession and which has been practically acted upon by the courts.

It may be remarked in this connection, that in the revised statutes, which supersede all the above, the provision of the old law under which service was had in this case, has been retained, with the addition, that the copy must be left at the principal office of the company " during office hours." R. S., art. 1223.

We are of opinion that the court did not err in overruling the motion to quash the return of service.

The second assigned error is, that " the court erred in its rulings on the evidence as disclosed by defendant's bill of exceptions herein."

The proposition under this assignment is, that " appellant is not liable to appellee for injuries which he may have received from the engineer, Cederburg, by reason of the latter's malicious acts, and this evidence objected to was irrelevant, and calculated to prejudice appellant before the jury."

The bill of exception shows that the court refused to exclude from the jury the uncalled for statement of appellee, Willie, when testifying, to the effect that just before the accident, in response to a request from him to Cederburg, the engineer, to back slowly because the draw-head was bent, the latter, addressing him by an opprobrious epithet, said, " I would as soon run over you as not." The witness further testified that Cederburg was mad and cursed me when told to back slowly.

As the testimony may have tended to prove that Cederburg was reckless, it may, if supported by other satisfactory evidence that the defendant's company did not use proper care in selecting him, have been admissible under this issue, if thus restricted by the court.

The language of the engineer, however, indicated personal malice toward plaintiff, which of itself, if the cause of the injury, would not have made the company liable for actual damages even, they being fellow servants. Price *v.* Navigation Co., 46 Tex., 535; Robinson *v.* Railway Co., id., 540; Railroad Co. *v.* Miller, 51 Tex., 274.

Considered in this aspect, the evidence, unless restricted as above stated, and particularly when taken in connection with a portion of the charges referred to in another assignment, may have improperly influenced the jury.

The third error assigned is, that "the court erred in its charge to the jury on the measure of damages, and also on the liability of the defendant for damages sustained by its employe while in the discharge of his duties to defendant." This alleged error presents two questions relating: 1. To the measure of damages. 2. To the liability of the defendant company to the plaintiff as its employe.

*First.* As to so much of the charge as relates to the measures of damages. The court charged the jury on this question as follows: "The only damages are the actual damages sustained by plaintiff as revealed by the evidence; and the only item of damages upon which there is any evidence, is in the inability of plaintiff now to earn or secure wages for his labor such as he was receiving at the time of the injury, and the difference between his ability before the injury and his ability since to earn wages, is and must be the basis of computation in case he is entitled to recover. If you find for the plaintiff, find no greater sum than, put at interest at the agreed rate, will produce annually a sum equal to the difference between what plaintiff could earn before and what he can now earn in consequence of the injury."

The latter portion of this charge we think was objectionable, in assuming as a question of law that the jury might, as a legal basis for the measure of damages, find for the plaintiff an amount, the interest upon which would annually produce a sum equal to the difference between what plaintiff could earn before and what he can now earn in consequence of the injury.

If compensation for lessened ability to labor be assumed as the true measure of actual damages, then it would seem that it should not be such sum as would bring an annual interest corresponding with the annual value of this lessened ability, leaving the principal sum still belonging to the estate of plaintiff after his death, although he had then become wholly incapacitated for labor; but would be an amount which would purchase an annuity equal to this interest, during the probable life of the plaintiff, calculated upon a reliable basis of the average duration of human life.

*Second.* As to so much of the charge as relates to the liability of the defendant to the plaintiff as its employe.

On this issue the court charged the jury that " the defendants are bound to have their cars in ordinary good condition to do the work usually done by railroad cars, and to have servants and employes who possess ordinary skill, and who exercise proper care and caution consistent with the work to be done. The plaintiff, in order to recover from the defendant, must show to your satisfaction that under the circumstances the injury to the plaintiff did not arise from a want of proper care and caution on his part, and that the injury arose by reason of some fault or negligence of the defendant or their agents or employes. If, in this case, the coupling apparatus upon the cars was out of repair, and in such condition as to render the work of coupling more dangerous and hazardous than is ordinary, and the engineer backed up the train in such manner as to render the coupling unnecessarily difficult and dangerous with reference to the condition of the coupling apparatus, and the plaintiff was exercising that degree of caution that a prudent man who knew the condition

of the coupling apparatus would exercise, then plaintiff is entitled to recover of defendant for the injury done him."

The defendant company, if it was not guilty of negligence in the selection of a competent engineer, was not liable for his want of proper care, which may have resulted in the injury to plaintiff.

Although such negligence on the part of the company was alleged in the petition, yet that portion of the charge in which the jury were virtually instructed that they might, as a basis for their verdict, consider the fault or negligence of the agents or employes of the company, or the manner in which the engineer "backed up" the train, was, in our opinion, calculated to so mislead, that they might have based their verdict solely upon the fault or negligence of a fellow servant; and particularly when considered in connection with the language used by the engineer just before the injury, tending to show malice on his part toward plaintiff.

We think, then, that there was error in the charge in not distinctly separating the liability of the defendant by reason of alleged negligence in furnishing proper apparatus for coupling the cars, or in the employment of a competent engineer, from a mistaken liability which the jury might have inferred from a want of proper care on the part of the engineer at the time, and that this error was not corrected by other portions of the charge.

It is appropriate to say that the trial below was had before the principal questions which arise in the case were settled in this state by recent decisions of this court, and which render it unnecessary to further consider the errors assigned. Judgment reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 7, 1880.]

MOORE, CHIEF JUSTICE.—I concur in the conclusion of the court that the court below did not err in refusing to quash the service of the citation. For the reason that, in my opinion, the

second section of the act of February, 1874 (14th Leg., 31), entitled " an act to fix the venue in certain cases," is unconstitutional. Said section embraces, as I think, a distinct object from that expressed in the title and that provided for in its first section. If this section of this act is constitutional, in my opinion it would operate as an implied repeal of article 4888, Pasch. Dig., under which the service of the citation was made.