## I. & G. N. R. R. Co. v. Chas. E. Roth.

### (No. 918.)

Master and servant.— In case of an injury to an employee of a railroad by the negligence of another employee, defendant's plea of negligence of a fellow-servant in the course of his respective duties, good, unless the plaintiff could show that the defendant had been guilty of negligence, either in employing or retaining one who was incompetent for the service in which he was engaged.

Appeal from Travis county. Opinion by Walker, P. J.

Statement.— This suit was brought by Chas. E. Roth against the I. & G. N. R. R. Co., to recover damages for injuries alleged to have been sustained by him while in the employ of the defendant as a member of the bridge gang, through the negligence, carelessness, recklessness and incompetency of its servants and employees, and while he was engaged in attempting, in obedience to the commands of the duly authorized agents, servants and employees of the defendant, to perform a service not within the line of his employment, in which he was inexperienced, and of the dangers of which he was not advised. Plaintiff filed a trial amendment as follows: "It is further alleged that the said defendant company was present and acting at the time and place aforesaid, by and through its vice-principals, M. C. Nugent and J. M. Shattuck, who were then and there, to all intents and purposes, principals, and actually representing said defendant company, and duly and fully authorized to exercise all powers and duties incumbent upon defendant."

Defenses were general demurrer and special answer set-

ting up the defense of fellow-servant and contributory neg-
ligence. Tried by jury; verdict and judgment for plaintiff
for $1,000 and costs.

OPINION.— One of the most controlling questions pre-
sented on this appeal arises on the fifth section or para-
graph of the court's charge, and its correctness or otherwise
is distinctly presented by counter-charges which were asked
by defendant but refused. The charge complained of is as
follows: "5. If the plaintiff was in the discharge of his or-
dinary duties under his employment by the defendant, and
the injury was occasioned by the negligence of one of his
co-employees, then if the said employee, from whose act such
damage was caused, is shown to have been as careful as
ordinary persons would be in such work, then the jury will
find for the defendant." As counter-proposition to this
charge the defendant asked instructions, the purport of
which was that the burden of proving the facts necessary
to charge the defendant is on the plaintiff; said instructions
were refused. The instructions asked to be given on this
point, we think, are the law of the case. It is a well-estab-
lished principle of law that for an injury resulting entirely
from the negligence of a co-servant, no fault being imput-
able to the master in his employment or retention, no lia-
bility exists on his part. See Wood on Master and Servant,
sec. 419, and authorities cited. Liability only attaches
when the master is at fault, and in all cases the burden is
upon the servant to show want of care on the part of the
master in selecting the negligent or unskilful servant, as
well as unskilfulness in the servant; and if it appears that
the servant had, or ought to have had, the same knowledge
of the servant's incompetency that the master had, he can-
not recover. Id.; H. & T. C. R'y Co. v. Willie, 53 Tex.,
327; Price v. Navigation Co., 46 Tex., 535; Robinson v.
Railway Co., id., 540; R. R. Co. v. Miller, 51 Tex., 274.

We conclude that the judgment ought to be reversed and
the cause remanded.

REVERSED AND REMANDED.