O. W. Heyer et al.

v.

Amanda Salsbury, Adm'x.

1. Master and servant.—A master is not liable to his servant for any defects in materials furnished to the latter for use in the master's service, unless he is negligent in providing such material or omitting to warn the servant of the defects.  There is no implied warranty that the materials shall be sound, or that the servant shall not be exposed to extraordinary risks.

2. Damages—Manner of computing.—In estimating damages in cases of this character, the jury may take into consideration the amount of earnings by the deceased, but the question whether his minor children had or had not other means of support after his death is wholly immaterial, and cannot be considered.

Appeal from the City Court of East St. Louis; the Hon. Charles T. Ware, Judge, presiding.  Opinion filed August 13, 1880.

Mr. Britton A. Hill and Mr. John O'Connor, for appellants; that a master is only bound to exercise ordinary care in the selection and repair of machinery used by his servants, cited Shearman & Redfield on Negligence, § 87; Cooley on Torts, 556; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; North Chicago Rolling Mill Co. v. Monka, 4 Bradwell, 664; C. & A. R. R. Co. v. Mahoney, 4 Bradwell, 262; C. & N. W. R. R. Co. v. Scheuring, 4 Bradwell, 532; C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; Hayden v. Smithville Mfg. Co. 29 Conn. 548; King v. B. & W. R. Corp. 9 Cush. 112.

Plaintiff must prove not only that there was a defect in the machinery, but that it was known to defendants, or could have been discovered by the exercise of reasonable diligence: C.

C. & I. C. R. R. Co. v. Troesch, 68 Ill. 548; McMillan v. S. & W. R. R. Co. 20 Barb. 449; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177; Laflin v. Herrington, 16 Ill. 301; North Chicago Rolling Mill Co. v. Monka, 4 Bradwell, 664.

Where the verdict is manifestly against the weight of evidence, the judgment will be reversed: Goodwin v. Durham, 56 Ill. 239; Reynolds v. Lambert, 69 Ill. 495; Ill. Cent. R. R. Co. v. Chambers, 71 Ill. 519; Chicago v. Lavalle, 83 Ill. 482; Hibbard v. Molloy, 63 Ill. 471; C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; C. C. & I. C. R. R. Co. v. Troesch, 57 Ill. 155; Davenport v. Springer, 63 Ill. 276; Schwartz v. Lammers, 63 Ill. 500; Puterbaugh v. Crittenden, 55 Ill. 485; Waggeman v. Lombard, 56 Ill. 424; C. & A. R. R. Co. v. Purvines, 58 Ill. 38; Smith v. Slocum, 62 Ill. 354; Knott v. Skinner, 63 Ill. 239.

Instructions should be based on evidence: Alexander v. Mt. Sterling, 71 Ill. 366; Board of Trustees v. Minzesheimer, 78 Ill. 22; Herrick v. Gary, 83 Ill. 85; Holcomb v. Davis, 56 Ill. 413; Cossitt v. Hobbs, 56 Ill. 231; Goodwin v. Durham, 56 Ill. 239; Geary v. O'Neil, 73 Ill. 593; Shephard v. The People, 72 Ill. 480; I. B. & W. Ry. Co. v. Birney, 71 Ill. 391; Nichols v. Bradsby, 78 Ill. 44; Plummer v. Rigdon, 78 Ill. 222; Wenger v. Calder, 78 Ill 275.

The instructions should limit the right of recovery to the specific negligence alleged in the declaration: 1 Chitty's Pl. 427; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C. & N. W. R. R. Co. v. Schuering, 4 Bradwell, 533; T. W. & W. R. R. Co. v. Foss, 88 Ill. 551; Bloomington v. Goodrich, 88 Ill. 588; C. & A. R. R. Co. v. Mock, 72 Ill. 141; C. C. & I. C. R. R. Co. v. Troesch, 68 Ill. 548.

The pecuniary condition of the widow and children of deceased is not an element in estimating damages: C. &. N. W. R. R. Co. v. Maronda, 12 Chicago Legal News, 210.

Mr. GEORGE D. GREEN and Mr. LUKE H. HITE, for appellee; as to the duty of a master to provide suitable machinery for the use of his servants, cited T. W. & W. R. R. Co. v. Fredericks 71 Ill. 294.

Deceased could not be said to have knowledge of defects in

machinery which he had never before used: C. A. & St. L. R. R. Co. v. Shannon, 43 Ill. 338; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272.

If the master permitted the continued use of defective machinery, when such defect could have been discovered by an examination, he is guilty of negligence: Combs v. New Bedford Co. 102 Mass. 572; Coyzer v. Taylor, 10 Gray 274; Seaver v. Boston & Maine R. R. Co. 14 Gray, 446.

The evidence sustains the verdict, and substantial justice has been done:    Smith v. Shultz, 1 Scam. 491; Gillitt v. Sweat, 1 Gilm. 475; Greenup v. Stoker, 3 Gilm. 202; De Clurg v. Mungin, 46 Ill. 112; Lintner v. Milliken, 47 Ill. 178; Union H. & L. Co. v. Shoenman, 48 Ill. 74.

A new trial will not be granted unless the verdict is manifestly against the weight of evidence:    Malburn v. Schreiner, 49 Ill. 69; Am. Ex. Co. v. Bruce, 30 Ill. 201; Chicago City R'y Co. v. Young, 62 Ill. 238; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; Powell v. Feeley, 49 Ill. 143; Lalor v. Scanlan, 49 Ill. 152; Baker v. Robinson, 49 Ill. 299; Bourne v. Stout, 62 Ill. 261.

An instruction containing slight inaccuracies will not reverse:    Nichols v. Mercer, 44 Ill. 250; Watson v. Wolverton, 41 Ill. 241; Hall v. Groufe, 52 Ill. 421.

CASEY, J.    This was an action on the case brought by appellee as administratrix of the estate of William O. B. Butler, deceased, against appellants in the City Court of East St. Louis.    It appears from the evidence that appellee's intestate was employed by appellants in their sugar factory in East St. Louis, and while so engaged, he, with other employes of appellants, was attempting to remove the cover of the condenser. That in doing so, a pipe connected with the cover of the condenser broke, causing the cover to fall, and carrying with it the said intestate.    That he died from the injuries received from said fall.    There was a trial and judgment for appellee. The case is brought to this court by appeal.    A number of errors are assigned.    It is not deemed important to discuss any of them except the third, which is, that said court gave to the

jury improper and illegal instructions on the part of appellee.

The third instruction is as follows: "The court instructs the jury on the part of the plaintiff that the defendants are bound to furnish their servants with safe materials and structures, and must first construct therewith the necessary appurtenances for reasonable safety. Unless the jury believe from the evidence in this cause that defendants have done this, they will find for the plaintiff."

This instruction does not correctly state the law. The jury doubtless inferred from it that the law imposed the duty upon appellants of providing machinery that was absolutely safe. The obligation resting upon the employer is, that he will use reasonable and ordinary care and diligence in providing suitable and safe machinery. The machinery is not required to be the best or most improved kind, or to be absolutely safe.

A master is not liable to his servant for any defects in materials furnished to the latter for use in the master's service, unless he was negligent in providing such material, or omitting to warn the servant of the defects. There is no implied warranty in the contract of service, that the materials furnished shall be sound or fit for service, nor that the servant shall not be exposed to extraordinary risks. It is the duty of the master to use ordinary care and diligence to provide sound and safe materials and accommodations for his servants. Camp Point M'fg. Co. v. Ballou, Adm'r, 71 Ill. 420; North Chicago Rolling Mill Co. v. Monka, 4 Brad. App. Ct. R. 664; Shearman & Redf. on Negligence, §§ 87–92 ; Ryan v. Fowler, 24 N. T. 410; Hellown v. Hurly, 6 Cal. 209; Buzzell v. Laconia M'fg. Co. 48 Maine, 113.

The fourth instruction is as follows: 4. "The court instructs the jury, on the part of the plaintiff, that in estimating the pecuniary injury in this case, if they believe from the evidence that the minor children of deceased have sustained any injury for which the defendant is liable, they have a right to take into consideration the support of said minor children of the deceased, and the instruction, physical, moral and intellectual training of the minor children of said deceased; also the ages of said minor children, and the pecuniary condition of said mi-

nor children of deceased, in estimating the amount of damages in this case, if they believe from the evidence that said Salsbury left a widow and minor children." By this instruction the jury were.advised that in arriving at their conclusion as to the measure of damages, they might take into consideration the instruction, physical, moral and intellectual training of the minor children. This part of the instruction correctly states the law, and would be proper if there was in the record any evidence tending to show that the deceased was fitted by nature or education or by disposition to furnish to his children instruction, or moral, physical or intellectual training. In this case there is no such evidence, and the instruction should not have been given. I. C. R. R. Co. v. Weldon, 52 Ill. 290.

That part of the instruction which directs the jury that they may take into consideration the pecuniary condition of the minor children in estimating the amount of damage, etc., is clearly defective. The City of Chicago v. O'Brennan, 65 Ill. 160; Pitts. Ft. W. & C. Ry. Co. v. Towne, 74 Ill. 341; C. & N. W. R. R. Co. v. Moranda, 93 Ill. 304. In the latter case it was held that it was entirely proper to show the amount of intestate's usual earnings, but it was wholly immaterial whether the minors had or had not other pecuniary resources after the death of the intestate. Their poverty after the death can shed no light on the question. If, immediately after the disaster, the minor children had by .inheritance from other sources become at once wealthy, it would not have abated one cent from the amount of their lawful demand in this case, if entitled to recover at all, nor can their poverty be permitted to add thereto. Other instructions, given at the request of appellee, are underscored. This practice is condemned by the Supreme Court as unfair, and ought not· to be allowed. Wright v. Brosseau et al. 73 Ill. 381. For the error in giving the third and fourth instructions, the judgment of the court below is reversed and the cause remanded.

Judgment reversed.