*B. F. Gregory* and *J. Harper*, for the appellees.

May Term, 1860.

CLEVELAND
v.
ROBERTS.

------------------------

## CLEVELAND *v.* ROBERTS.

A complaint on a promissory note averring the loss of the note, with an affidavit of its loss and contents, is sufficient without a copy of the note.
Where the trial, in such case, was by the Court, *held* that the affidavit was *prima facie* sufficient evidence of the loss of the note; and that, with the testimony of a witness to the contents, would support a finding for the plaintiff.
Where the proof varies from the averment, the pleading, being amendable below, will be considered as amended in the Supreme Court.

APPEAL from the *Hendricks* Court of Common Pleas.

HANNA, J.—*Roberts* made his affidavit of the loss of a promissory note therein described as having been executed by *Cleveland* to one *Harris*, and stating the date and

Wednesday, June 13.

May Term,
1860.

CLEVELAND
v.
ROBERTS.

amount, &c., of said note; and that the same was transferred and delivered to him without indorsement in writing.

Suit was brought against *Cleveland* as maker, and *Harris* to answer as to his interest in said note. *Harris* made default, and the suit, as to him, was dismissed. *Cleveland* demurred. His demurrer was overruled. This raises the first point.

It is insisted that the statute, 2 R. S. p. 44, is imperative, and requires the note or a copy to be filed with the complaint; and as it was not done here, that the demurrer should, therefore, have been sustained.

A sufficient excuse for not filing it, is averred in the complaint, and shown in the affidavit filed.

The next objection taken is, that the evidence was not sufficient to sustain the finding against the defendant. Among other answers was a denial. The case was tried by the Court without a jury.

The bill of exceptions, which professes to contain all the evidence, does not show that the affidavit, or any other evidence of the loss of the note, was produced on the trial; and does show that *Harris*, the only witness who testified, stated that he assigned the note in writing to the plaintiff.

Was the evidence sufficient?

As the affidavit was filed with the pleading, and the trial by the Court, we think it could be properly considered by the Court, and was, *prima facie*, sufficient evidence of the loss of the note. The contents were proved by the witness. The proof as to the assignment, varied from the averment upon that point. The averment could have been amended to meet the proof in the Court below, and will, under the statute, be considered here as amended.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*C. C. Nave* and *J. Witherow*, for the appellant.

*H. C. Newcomb* and *J. S. Tarkington*, for the appellee.