# BLASINGAME AND OTHERS *v.* BLASINGAME.

PRACTICE.—Where the complaint consists of two paragraphs, the Supreme Court will not notice an alleged error in overruling a demurrer to one, if the finding and judgment of the court proceeded wholly upon the other. Page 87.

PLEADING—WRITTEN INSTRUMENT.—The statute requiring a copy of the written instrument upon which a pleading is based to be filed with it, (2 G. & H., sec 78, p. 104,) cannot apply to the case of lost instruments, where no copy can be obtained. Page 87.

SEMBLE.—That the averment of the loss of a written instrument sued upon, need not be supported by affidavit. Page 89.

PLEADING—DEMAND OF CONVEYANCE.—A, who owned a farm in Kentucky, agreed in writing with his son, B, to convey all of his real estate to the son, in consideration of his agreement to support and maintain A and his wife during their natural lives. During the life of the father, the son, with the father's consent, traded and assigned the lands in Kentucky for lands in Indiana, and, by the agreement and direction of the son, the conveyance was taken in the name of the father, for the purpose of securing the performance of the agreement between them. Suit by the son, alleging these facts; that he had fully performed the agreement on his part, and that the father had died, and by his will devised a portion of the lands to others, who were made defendants.

*Held,* that the complaint must be understood to mean that the land in Kentucky, to which the contract between the parties related, had been conveyed to the son, and that the land in Indiana, procured in exchange for the Kentucky lands, was paid for by the son, and the deed made to the father only as a security for the performance of his agreement, and in this view of the case, the action was not founded upon the written agreement, and it was not necessary to file a copy of it with the complaint.

*Held,* also, that neither the deceased nor the defendants were in default in not making the conveyance to the son, no demand having been made upon them, and it not appearing that the defendants were ever apprised of his rights. Page 90.

PRACTICE—AMENDMENTS.—It is error, after the evidence and argument are closed, to allow a party to amend his pleading so as to change the whole character of the case. Page 91.

PRACTICE—OBJECTIONS TO EVIDENCE.—Alleged errors growing out of the admission of evidence will not be considered by the Supreme Court, unless the ground of the objection was pointed out to the lower court. Page 91.

APPEAL from the *Tipton* Circuit Court.

FRAZER, J.—The complaint consists of two paragraphs. The overruling of a demurrer to the first is assigned for

error. We do not examine the question thus attempted to be presented, for the reason that the finding and judgment were upon the second paragraph alone, and consequently the appellants were not injured by the error, if any was committed. Errors of that class we do not regard as being in the record, in any sense which requires us to pass upon them.

The second paragraph of the complaint is treated in argument as seeking to obtain a specific performance of a written contract for the conveyance of real estate. A demurrer to it was overruled, and this is assigned for error. No copy of the written contract was filed with the complaint, but it was alleged in the paragraph that it had been stolen, lost or mislaid, and that, therefore, the plaintiff (who is appellee here) could not give a copy; but there was no affidavit of the truth of this averment; and this it is insisted was necessary.

The statute (section 78 of the code) enacts that "when any pleading is founded on a written instrument or an account, the original, or a copy thereof, must be filed with the pleading." This language is imperative, it is true, but surely it never was intended to prevent the maintenance of suits in cases where the instrument is lost, and it is thereby rendered impossible to make a copy of it. Accordingly, it was held in *Cleveland* v. *Roberts*, 14 Ind. 511, that an averment of loss, supported by affidavit, was sufficient to excuse the want of the copy. But whether such affidavit is *necessary* or not, under the code, has never been decided by this court. The question may not possess much practical consequence, and it may not be very important in the administration of justice, under our laws, which way it shall be decided; but it is not free from difficulty. Our system of pleading has destroyed the distinction between law and equity proceedings; or, rather, it has established one uniform system of pleading and practice, by which both classes of rights are to be sought, and remedies to be given for their infraction. The present is a case not expressly provided for by the code; but the laws and usages of this state in civil cases, prior thereto, are continued in force to supply omissions. § 802. But this

does not in any degree relieve us, for upon this subject one rule prevailed at law, and an opposite one existed in equity. When the suit was brought at law to recover upon a lost instrument, no affidavit of the loss was required as a rule of pleading; while in equity the bill was obnoxious to a demurrer, if not supported by the complainant's affidavit of the loss—and, indeed, the objection was good, even upon the hearing. The reason given for the rule in equity was, that the court should require the oath of the party as a guaranty of his good faith, before proceeding to grant him relief upon the lost instrument. To decide this question, then, under existing circumstances, really imposes upon us the necessity of adopting such a rule as shall seem most in consonance with the spirit of our system— such as shall promise to be best suited to all cases of lost instruments, (for it should have uniform operation,)—and at the same time be most convenient in practice. It seems to us, upon consideration, that the statute requiring a copy of the instrument, as a part of the complaint, was intended, by a direct method, in all cases, to attain the end which, in suits at law upon sealed instruments, was formerly reached by *profert and oyer;* and to require an *actual* showing of the copy in court, instead of that nominal production of it, which *profert* was said to accomplish. In such suits, *profert* need not be made when the instrument was lost; but the facts to excuse the *profert* must have been averred, and were traversable, and, if not proved, the suit failed. No affidavit was required to make the pleading good. We do not perceive any good reason why this rule will not operate well under our practice. The affidavit would somewhat encumber the record, and be a repetition of an averment, and in a measure would, if required, defeat that neatness and brevity in pleading which it was an object of our code to attain. It would, under our practice, be unnecessary, also; for if the adverse party doubt the fact of the loss, he can call upon the party who has pleaded the instrument to testify and purge his conscience as to the matter. We are aware that, under the former practice, this

would have been a suit in equity, and that an affidavit would have been required. But our code contemplates a uniform system in all cases where it can be made applicable; and there is certainly no good reason for requiring the affidavit in cases in equity, and not requiring it in cases at law; and it seems to us, without, however, now intending to decide anything but the case before us, that the rule which prevailed at law is most in harmony with the principles and purposes of our system, and will be found most convenient in practice. We decide, therefore, that upon this point the complaint was not obnoxious to a demurrer.

The contract sued upon was between father and son. The complaint avers that the father owned a farm in Kentucky, and that by the agreement he bound himself to convey all his real estate, &c., to the son, in consideration of the maintenance of himself and wife during their natural lives by the son; that during the life of the father, the son, with the father's consent, traded and assigned the farm in Kentucky for the lands in *Tipton* county, described; and that, by the son's direction and agreement, the conveyance of the last mentioned lands was made to the father, for the purpose of securing the performance of the son's agreement to maintain him; that the son fully performed his agreement; that the father is dead; that by his last will he devised a portion of the lands to others, who are made defendants. It is argued that these facts do not entitle the plaintiff to any relief. It will be perceived that the contract to convey, as pleaded, specifies no time for the making of the conveyance by the father, and it is a fair inference, and perhaps the true construction of it, that it contemplated the farm in *Kentucky;* for it does not appear that the father was seized of any other lands. It is not shown by the paragraph, by express averment, whether the father did convey that farm to the plaintiff or not; but the averment that the plaintiff himself traded and assigned it for the other lands, now in controversy, the title to which was taken in the name of the father as a security, ought, we think, to be held to imply that the convey-

ance of the *Kentucky* farm to the plaintiff had been made. The allegation that he "traded and assigned" it, implies the exercise of dominion over it, and a transfer of the title by him, which could not have been done by him, if the title remained in his father. That the latter consented, is in no respect inconsistent with this construction, for that implies no more than passive acquiescence, while it would not be possible to have effected the exchange without the performance of an efficient affirmative act by the father, if the title had still remained in him. This is construing the pleading most strongly against the pleader, a principle just as applicable under the code, as it was under the former system of pleading, and essentially necessary to be regarded, whenever a pleading is so loosely framed as to leave its import in reasonable doubt. It will require that care and exercise of knowledge in the preparation of pleadings which is absolutely essential to the correct administration of justice. The case made by the second paragraph of the complaint is then, in brief, that the plaintiff paid for the land in controversy, but took the title in the name of his father, to be held by him simply as security for the plaintiff's performance of his contract. In this view, the action was not founded upon the written contract, and no copy was required to be filed with the complaint under any circumstance. The object of the suit was to compel a conveyance to the plaintiff, the contract on his part having been fully performed. But neither the defendants, nor the deceased, are shown to be in default; the deceased could not be called upon to convey during his lifetime, nor is it averred that either he, or the defendants, were ever requested to do so; nor, even, that the defendants had any knowledge of the facts. They could be in no default until they had notice of the plaintiff's rights.

We have thus considered the sufficiency of the second paragraph of the complaint, as it now stands upon the record, for the reason that that question is argued in the briefs. But it was amended, by leave, after the evidence and arguments were closed, in a very important respect, and so as to change

the whole character of the case. This is assigned for error, and it was error. Originally, the paragraph averred that the father, of his own accord, "traded and assigned his farm" in *Kentucky* for the lands in this state, and directed the conveyance of the latter to be made to the plaintiff; but that, by mistake, the deed was made in the name of the father. This amendment, it is stated, was made to "make the proofs correspond with the allegations." But it went too far; it substantially changed the claim. 2 G. & H., § 99, p. 118. It is highly probable that, in making the amendment by erasure and interlineation, and in haste, the pleader made a greater change than he intended. We must, however, take it as we find it, and treat it accordingly.

We have not considered a question argued, and which may be vital, when the pleadings shall be so amended as to enable the case actually existing to be tried, for the reason that it was not in the record, either before or after the amendment of the second paragraph of the complaint. That question is, whether the plaintiff, upon the contract upon which he sues, and which contemplated the conveyance to him of the land in *Kentucky*, can, after consenting to its sale, call for the conveyance of the lands in *Indiana*, which were purchased with the farm in *Kentucky*.

It is urged that the court erred in sundry rulings admitting evidence over the appellants' objections; but as no cause of objection appears in any case to have been brought to the attention of the court below, we do not examine the questions here. This rule is settled by numerous decisions of this court. *Corey* v. *Rhineheart*, 7 Ind. 290; *Lane* v. *The State*, 16 Ind. 14. We think it a fair rule, calculated to promote the correct administration of justice, and we are, therefore, not inclined to disturb it.

The judgment against the appellants is reversed, with costs, and the cause remanded, with directions to set aside all proceedings subsequent to the demurrer to the complaint, and proceed according to this opinion.

*J. Green,* for appellants.

*J. A. Lewis* and *D. Moss,* for appellee.