## JEREMIAH RYAN *vs.* FREDERICK H. TARBOX.

Suffolk.   March 13. — June 20, 1883.   DEVENS & W. ALLEN, JJ., absent.

In an action for personal injuries occasioned to the plaintiff while in the defendant's employ, it appeared that the defendant had contracted with the owners to tear down an old brick building; that one of the walls was built of two courses of brick, each four inches in thickness; and that the inner course supported a chimney extending down to the second floor, but not to the ground.  There was evidence tending to show that, on the day of the accident, the defendant's foreman discovered a crack between the outer and the inner courses of the brick where the chimney was; that he notified the defendant of it, he being present in the direction and control of the work; that the foreman called the plaintiff to aid in putting up braces to prevent the wall from falling, and, while they were at work, the wall and chimney fell, carrying away a part of the floor on which they were at work, and injuring the plaintiff.  *Held*, that the evidence tended to show personal negligence on the defendant's part in setting the plaintiff to work in a place of peculiar danger, unknown to the plaintiff, without any caution, and should have been submitted to the jury.

TORT for personal injuries occasioned to the plaintiff while in the employ of the defendant.   Answer, a general denial.   Trial in the Superior Court, before *Mason*, J., who ruled that there was no evidence to go to the jury, from which it would be competent for them to find for the plaintiff, and directed a verdict for the defendant; and the plaintiff alleged exceptions.   The facts appear in the opinion.

*P. J. Doherty*, for the plaintiff.

*H. E. Swasey & G. R. Swasey*, for the defendant.

MORTON, C. J.   Upon a careful examination of the evidence in this case, we are of opinion that the plaintiff had the right to go to the jury upon the question of the liability of the defendant.

The defendant had contracted with the owners to tear down an old brick building.   The plaintiff was employed by him as one of the laborers, and was injured by the fall of a part of one of the walls.   This wall was built of two courses of brick, each four inches in thickness.   The inner course supported a chimney extending down to the second floor, but not to the ground.   There was evidence tending to show that, on the morning of the accident, Perkins, the foreman of the defendant, discovered a crack between the outer and the inner courses of the brick

where the chimney was; that he notified the defendant of it, he being present, in the direction and control of the work; that Perkins called the plaintiff to aid in putting up braces to prevent the wall from falling, and, while they were at work, the wall and chimney fell, carrying away a part of the floor on which they were at work, and injuring the plaintiff. Without going further into details, we think there was evidence tending to show that the defendant was personally present in charge of the work; that he knew that the wall was dangerous; that the plaintiff did not know that it was dangerous; and that the defendant set the plaintiff to work in this place of peculiar danger, without any warning or caution to him.

The evidence should have been submitted to the jury, with instructions that, if they found such to be the facts, and also that the plaintiff, without negligence on his part, through inexperience, and in reliance upon the directions given him, failed to understand the risk, and was injured, the defendant would be responsible.    *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572. *O'Connor* v. *Adams*, 120 Mass. 427.

The defendant contends that the only negligence, if any, was the negligence of Perkins, who was a fellow servant of the plaintiff; and therefore that the defendant is not liable. We do not think that the question as to how far he would be responsible for the negligence of Perkins necessarily arises in the case. If he was in charge of the work, he was responsible for the order given in his presence by Perkins to the plaintiff; it was his duty to warn the plaintiff of a danger and risk known to him and not known to the plaintiff; and, if he unreasonably neglected to do so, he was guilty of personal negligence, which would make him liable, irrespective of any question of the negligence of Perkins.    *Walsh* v. *Peet Valve Co.* 110 Mass. 23.

*Exceptions sustained.*