Clanin v. Fagan.

No. 14,381.

CLANIN v. FAGAN.

ANIMALS.— *Vicious Dog.—Injuries by.—Complaint.—Sufficiency of.*—A complaint in an action for injuries caused by defendant's dog, which alleges that on and before a day named "the defendant kept a dog which he well knew was of a fierce and dangerous nature, and improper to go at large, and accustomed to attack and bite mankind; yet the defendant wrongfully and negligently allowed said dog to go at large without being properly secured; that on said date said dog, without any fault on the part of the plaintiff, attacked and bit the plaintiff," is not subject to the objection that it does not specifically allege that the defendant, at the time of the injury, was permitting his dog to run at large knowing his vicious disposition.

INSTRUCTIONS TO JURY.—*To be Considered as a Whole.—Bill of Exceptions.*— Instructions must be considered as a whole, and if sought to be reviewed in the Supreme Court they must be brought into the record by a bill of exceptions, or signed by the judge, and filed as part of the record.

EVIDENCE.—*Admissibility.—Question of.—Improper Presentation.*—No question is presented as to the admission of evidence where it does not appear from the record how the evidence was given—whether it was in response to a question or was volunteered—or what objection was made.

From the Grant Circuit Court.

*J. L. Custer*, for appellant.

*G. W. Harvey* and *H. J. Paulus*, for appellee.

OLDS, J.—This was an action by the appellee against the appellant for injuries caused by the bite of a dog kept by the appellant. The appellant demurred to the complaint, which demurrer was overruled, and an answer in general denial filed to the complaint. Trial was had, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and exceptions reserved.

Errors are assigned as to the overruling of the demurrer to the complaint and the motion for a new trial.

The objection urged to the complaint is that it does **not** specifically allege that the appellant, at the time of the in-

Clanin v. Fagan.

jury, was permitting his dog to run at large, knowing his vicious disposition.

This objection is not well taken; the complaint alleges "That on and prior to the 13th day of September, 1887, the defendant kept a dog which he well knew was of a fierce and dangerous nature, and improper to go at large, and accustomed to attack and bite mankind; yet the defendant wrongfully and negligently allowed said dog to go at large without being properly secured; that on said date said dog, without any fault on the part of the plaintiff, attacked, and bit and wounded plaintiff." This is a sufficient allegation to avoid the objection urged to the complaint.

It is next contended that the court erred in an instruction given to the jury on the question of the measure of damages. But the instructions given by the court are not in the record, and therefore no question is presented as to the instruction complained of. Instructions must be considered as a whole, and if sought to be reviewed in this court must be brought into the record by a bill of exceptions, or signed by the judge, and filed as part of the record. In this case only a detached portion of an instruction is in the record.

It is also contended that the court erred in the admission of certain evidence as to acts of viciousness on the part of the dog after the injury to the appellee. Some evidence of this character is in the record in narrative form, after which there is a statement that the appellant objected to its introduction for certain stated reasons.

It is contended on the part of the appellee that this evidence was competent, as showing the vicious character of the dog within a few days after he injured the appellee. In view of the other evidence in the case it was no doubt harmless, even if erroneous, but the record is not in shape to present any question as to its admission.

In *Vickery* v. *McCormick*, 117 Ind. 594, the court states the rule to be: " In order to make an objection to evidence

available, the objection must be made when a question which seems to invite objectionable evidence is asked, and the particular evidence as well as the specific grounds of objection must be fairly pointed out and stated, or if objectionable evidence is volunteered by a witness, or given in an answer that is not responsive to the question asked, or otherwise, before objection can reasonably be made, a motion should be made to strike out the particular matter which is considered objectionable."

It does not appear by the record in this case how this evidence was given—whether it was in response to any question or not. If in response to a question asked for the purpose of eliciting it, the objection should have been made to the question. If such statements were volunteered by the witness, or made in response to a question not calling for such testimony, then there should have been a motion to strike the testimony out, and an exception reserved if the motion to strike out was overruled.

Lastly, it is objected that the damages are excessive. There is no merit in this objection. The verdict and judgment is for $500, and the evidence fully warranted the jury in assessing that amount.

There is no available error in the record.

Judgment affirmed, with costs.

Filed June 17, 1890.