The Evansville and Richmond R. R. Co. v. Maddux, by Next Friend.

No. 15,883.

## THE EVANSVILLE AND RICHMOND RAILROAD COMPANY v. MADDUX, BY NEXT FRIEND.

| | |
|---|---|
| 184 | 571 |
| 139 | 466 |
| 134 | 571 |
| 144 | 670 |
| 145 | 678 |
| 146 | 579 |
| 134 | 571 |
| 148 | 117 |
| 150 | 317 |
| 150 | 365 |
| 150 | 411 |
| 134 | 571 |
| 156 | 68 |
| 156 | 80 |
| 156 | 205 |
| 134 | 571 |
| 160 | 433 |
| 160 | 520 |
| 134 | 571 |
| 166 | 275 |
| 134 | 571 |
| 169 | 444 |
| 170 | 246 |

JUDGMENT.—*Review of.*—*Nature of.*—A proceeding in review of judgment for error of law is in the nature of an appeal, and must be tried by the record alone, the court which originally tried the case sitting as an appellate court in the review; and the only errors which can be considered on review are such as might have been tried on appeal to this court.

NEW TRIAL.—*Motion for.*—*Time of Making.*—Where a verdict in a case was rendered December 17, 1889, and on the 26th day of December, 1889, judgment was rendered thereon, and it being the last day of the term, the court adjourned, and no offer being made to file a motion for a new trial until the next term of court, and no agreement for the extension of the time for filing such motion having been made and entered of record, it was too late to make such motion at the ensuing term of court, the adverse parties objecting thereto.

HARMLESS ERROR.—*Overruling Demurrer to Paragraph of Complaint.*— Where the special verdict in a cause shows that the finding is based upon the first paragraph of complaint, the fact as to whether the court erred in overruling a demurrer to the second paragraph will not be reviewed on appeal, the error, if any, being harmless.

SAME.—*Sustaining Demurrer to Answer.*—*Same Facts Provable Under General Denial.*—In an action for damages by an employe because of personal injuries, it was not error to sustain a demurrer to a paragraph of answer alleging that the injury was done during the noon hour, that alone not being sufficient to show that he was not in line of duty; and since the complaint alleged that he was on duty at the time of the injury, the negative thereof could have been proved under the general denial, which was pleaded.

EMPLOYER AND EMPLOYE.—*Employe of Tender Years.*—*Duty to Instruct.* —It is the duty of one who employs a person of tender years and inexperience in any occupation attended with danger, especially where there is extra hazard, to give his employe timely caution, and make him aware of the risks which he undertakes.

SPECIAL VERDICT.—*Personal Injury to Minor.*— *When Entitled to Compensation for Expenses of Sickness.*—It is not objectionable in a special verdict that it finds that the plaintiff, who was a minor, was at an expense of $200 for medical and surgical attention, it appearing from the finding that plaintiff had no means of support but his daily labor, from which fact it must be presumed that he was with-

The Evansville and Richmond R. R. Co. *v.* Maddux, by Next Friend.

out parental support and he himself entitled to compensation for the expenses of his sickness.

AMENDMENT OF PLEADING.—*Presumption of on Appeal.—Variance.*— Where there is a variance between the case made by the pleadings and that made by the proof, and the pleading could have been amended so as to correspond with the proof, such amendment will be presumed, on appeal, to have been made.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn,* for appellant.

*J. Giles, J. A. Zaring* and *M. B. Hottel,* for appellee.

HOWARD, J.—This is a proceeding to review a judgment. Appellee obtained judgment against appellant, in the sum of nine thousand dollars, for injuries alleged to have been received in an accident on a railroad construction train, on which appellee was an employe.

Appellant filed its complaint in review of said judgment, setting out as an exhibit the record of the original case. Appellee filed a demurrer to this complaint, which was sustained by the court. In this appeal, two errors are assigned, the sustaining of the demurrer to the complaint for review and the overruling of a motion by appellant asking the court to appoint a guardian *ad litem* for appellee, who was a minor and who appeared in the original case by his next friend, and also appears in this case by the same friend.

Of the second assignment it may be enough to say that proceedings in review, like those on appeal, are a continuation of the original case, and the parties remain the same. *Sloan* v. *Whiteman,* 6 Ind. 434; *Dougley* v. *Davis,* 45 Ind. 493; Works Prac., section 1050.

The demurrer to the complaint in review raises the question as to whether any error of law appears in the proceedings and judgment in the original case—appellant not claiming error for newly discovered matter. R. S. 1881, section 616.

A proceeding in review for error of law claimed, is in the nature of an appeal, and is to be tried by the record alone, the court which originally tried the case sitting as an appellate court in the review. The only errors, therefore, which could be considered in review were such as might have been tried here had the original case been appealed directly to this court. Works' Prac., section 1051; Elliott's App. Proced., section 769.

In the latter work is stated the doctrine of this court on the subject as given in *American Ins. Co.* v. *Gibson*, 104 Ind. 336, "The rules which govern in actions to review are, in the main, the same that govern in an appeal to this court. The errors that may be made available in an action to review are those that may be made available upon an appeal." See other authorities collected in note to section 769, App. Proced., *supra*.

The errors of law claimed in the complaint for review to have been made in the proceedings and judgment in the original case are those which question the sufficiency of the pleadings and verdict, and those which are embraced in the motion for a new trial.

It is contended by appellee that the motion for a new trial is not in the record, for the reason that it was not made in time.

Section 561, R. S. 1881, provides that "The application for a new trial may be made at any time during the term at which the verdict or decision is rendered; and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special, or adjourned."

The terms "verdict" or "decision," as used in the statute, have reference to the finding upon the facts, the term "verdict" signifying the finding by the jury, and the term "decision" the finding by the court. The judg-

ment or decree is not the decision, but follows, and is based upon the verdict of the jury or the decision of the court. *Krutz* v. *Craig, Admx.*, 53 Ind. 561; *Wilson* v. *Vance, Admx.*, 55 Ind. 394; *Pennsylvania Co.* v. *Sedwick,* 59 Ind. 336; *Christy* v. *Smith,* 80 Ind. 573; *Rodefer* v. *Fletcher,* 89 Ind. 563; *Jones* v. *Jones,* 91 Ind. 72; *Dodge* v. *Pope,* 93 Ind. 480.

The verdict in this case was rendered on the 17th day of December, 1889, being the fourteenth day of the December term, 1889, of the Lawrence Circuit Court. The court did not finally adjourn until the 26th day of December, 1889, being the last day of said term. The judgment was entered on said last day of the term. There was no offer to file a motion and reasons for a new trial during the December term, 1889, of said court, nor until February 3d, 1890, being the first day of the February term, 1890.

The complaint for review being for error of law appearing in the proceedings and judgment, and not for material new matter discovered since the judgment, it is evident that the motion for a new trial came too late, unless there was an agreement entered into between the parties extending the time within which the motion for a new trial and the giving of the reasons therefor might be filed. *Krutz* v. *Craig, supra,* and other cases cited.

In *City of Evansville* v. *Martin,* 103 Ind. 206, at p. 213, it is said: "The motion [for a new trial] was not filed during the term, nor was any agreement made extending the time for filing the motion, nor was any order made by the court, nor was the finding made on the last day of the term. It is clear, therefore, that there is no proper motion for a new trial."

Even the court could not give time beyond the term to make an application for a new trial, except by the agree-

ment or waiver of the parties. *Burnett* v. *Overton*, 67 Ind. 557; *Secor* v. *Souder*, 95 Ind. 95.

Appellant does not contend that the motion for a new trial in this case was made in time, unless it shall appear that the time was extended by agreement; and appellant admits that the agreement claimed was not made in court, and that it was an oral agreement between the attorneys of the parties. The agreement, if any, was not entered of record by the court, and appellee denies that such agreement was made.

In *American White Bronze Co.* v. *Clark*, 123 Ind. 230, the court, in speaking of such an agreement by attorneys to extend the time for filing a motion for a new trial, said: "It would be exceedingly doubtful whether an attorney would have authority to bind his client by such an agreement, unless it was entered upon the minutes of the court, or made in conformity with the provisions of the statute. Section 968, R. S. 1881; *Louisville, etc., R. W. Co.* v. *Boland*, 70 Ind. 595; *Hudson* v. *Allison*, 54 Ind. 215."

When appellant, on the first day of the February term, 1890, of the court, offered to file a motion and reasons for a new trial, appellee objected to the filing of the motion, and moved that the motion for a new trial be rejected. Affidavits were filed by both parties, appellant contending and appellee denying that an agreement had been made to extend the time for filing the motion for a new trial. The court sustained the motion to reject the motion for a new trial. This, if not a refusal to allow the motion for a new trial to be filed, was at least in effect an overruling of the motion for a new trial. *Blemel* v. *Shattuck*, 133 Ind. 498.

The verdict was rendered at the December term, 1889, of the Lawrence Circuit Court, and before the last day of the session and the last day of the term; the motion

for a new trial was not made during the term; it was not made for causes discovered after the term; there was no agreement entered in the minutes of the court that the time for filing the motion for a new trial should be extended to the next term; it is disputed whether even the attorneys of the parties made any such agreement outside the court, and even if they did it would not be good if objected to by either party; on the first day of the next term, when appellant moved the court to be allowed to file the motion, appellee objected.

There can be no doubt that the motion for a new trial came too late, and that the errors alleged and embraced in the motion are not in the record, and can not be considered. *Northcutt* v. *Buckles,* 60 Ind. 577; *Gates* v. *Scott,* 123 Ind. 459.

This leaves for consideration the rulings of the court on the pleadings and verdict in the original case.

The first paragraph of the original complaint states that the appellee Charles H. Maddux is under the age of twenty-one years, and that he prosecutes this suit by his next friend, Richard Maddux; that the appellant is now, and was, on the 2d day of October, 1889, the owner of and operating a railroad extending from Evansville to Seymour, and projected to Richmond, in this State, known as the Evansville and Richmond Railroad; that, on said 2d day of October, 1889, appellee was employed on a construction train of appellant on said railroad; that appellant had carelessly and negligently constructed its said railroad track and the bed thereof, in this, that it had failed to put sufficient ballast and ties under said track; that the ties were placed too far apart, and the track and road bed were uneven and too narrow, on account of which insufficient construction of said track and road bed the same was unsafe and dangerous for any train to run over; that appellant well knew that the con-

struction of its said road bed and track was insufficient and unsafe for trains to run over, and that by running its construction train over said road, and compelling its employe, the appellee, to ride upon the same, it exposed him to extra hazardous risks; that appellee was young and inexperienced in railroading, and knew nothing of its dangers and hazards, and knew nothing, and, on account of his youth and inexperience in railroading, could know nothing of the extra hazard and dangerous risk to which he exposed himself when he undertook said employment; that neither at the time of his said employment, nor at the time of the accident hereinafter set out, had appellee any knowledge whatever of said defective construction of appellant's said road bed and track, or of the dangerous and hazardous condition of the same; that appellant knew that appellee was young and inexperienced, and knew nothing of said extra hazardous risk to which by his said employment he exposed himself, yet appellant, knowing all of said facts, gave appellee no notice or warning as to said insufficient and dangerous construction of said road bed and track, or of the extra hazardous and dangerous risk which he undertook by his employment on account of said bad construction of said road bed and track thereon, but carelessly failed to give appellee such notice or warning either at the time of employing him or at any other time; that, on said day of October, 1889, appellee, in the line of his duty as such employe, was on one of appellant's construction trains, and was being conveyed thereon, over and upon appellant's said railroad, from Indian Springs' Station to near Bedford, and when about a mile and one-fourth from Indian Springs, said train, without any fault or negligence on appellee's part, but wholly on account of the said insufficient road bed and track thereon, so care-

lessly and negligently constructed by appellant, was thrown from the track of said road, and by reason thereof, without fault or negligence on his part, but on account of the carelessness and negligence of appellant, as aforesaid, was thrown from the car, and timbers and cross-ties were thrown upon him, and he was mashed, bruised, and mangled, externally and internally, so that his right leg had to be amputated above the knee; that on account of said injuries he was confined to his bed for a long period of time, and is totally disabled, and is rendered a cripple and a physical and mental sufferer for life, to his damage, etc.

The second paragraph of the complaint repeats the allegations of the first paragraph, and also makes certain additional allegations as to the manner of loading the car on which appellee was riding. But, on the trial, no attention appears to have been given to the second paragraph. Counsel for appellant, in their brief, say that "the court entirely ignored the existence of" the second paragraph of the complaint, "and stated to the jury as if there were but one paragraph of complaint, to wit, the first paragraph." An inspection of the special verdict discloses a finding on all the matters tendered in issue in the first paragraph of the complaint, but shows that nothing is found on the matters exclusively alleged in the second paragraph, so that the verdict rests solely on the first paragraph. Whether, therefore, the second paragraph of the complaint was good or not, need not be considered, since the overruling of a demurrer to it would be harmless, even if it was bad. *Blasingame* v. *Blasingame*, 24 Ind. 86; *Hawley, Admr.,* v. *Smith, Admr.*, 45 Ind. 183; *Bidinger, Trustee,* v. *Bishop,* 76 Ind. 244; *Olds* v. *Moderwell*, 87 Ind. 582; *Burkam* v. *Burk*, 96 Ind. 270; *Tracewell, Admr.,* v. *Farnsley*, 104 Ind. 497; Elliott's App. Proced., section 637.

In *Blasingame* v. *Blasingame, supra*, the court says: "The complaint consists of two paragraphs. The overruling of a demurrer to the first is assigned for error. We do not examine the question thus attempted to be presented, for the reason that the finding and judgment were upon the second paragraph alone, and consequently the appellants were not injured by the error, if any was committed."

We may say, in this place, that the objection made to the verdict by appellant, that it makes no finding under the particular issues tendered by the second paragraph of the complaint, is unavailable. It is the law, as long held by this court, that if a special verdict does not find on any issue tendered by the pleadings, that issue must be held as found against the party who was bound to prove it. *Graham* v. *State, ex rel.*, 66 Ind. 386; *Ex parte Walls*, 73 Ind. 95; *Glantz* v. *City of South Bend*, 106 Ind. 305; *Louisville, etc., R. W. Co.* v. *Buck, Admr.*, 116 Ind. 566.

But appellant contends that the first paragraph of the complaint is bad, for the reason that it discloses such a state of facts as would put a man of ordinary prudence upon his guard, and that he may not be heard to complain unless he shows a case of unmixed negligence on the part of the master; that, ordinarily, he accepts the risks of the employment upon which he enters; that "a laborer who accepts work on a construction train, by the mere act of acceptance, is warned that said road is in process of construction, and hence is incomplete;" that "he may be a youth and inexperienced, yet sound in sight and hearing and full-grown physically;" that "the burden, in all cases, is cast upon him to see what is to be seen, of observing and discovering what may be observed and discovered by the exercise of usual and ordinary care."

It would seem that in making this criticism appellant has overlooked some of the averments of this paragraph of the complaint. Not only is it alleged in this paragraph that appellant had negligently failed to put sufficient ballasts and ties under the track; that the ties were placed too far apart, and the road bed made uneven and too narrow, so that it was dangerous and unsafe to run a train over it; that appellant knew that such construction was bad, insufficient and dangerous; and knew that it exposed appellee to extra hazardous risks by compelling him to ride in a train over said dangerous track, but it is also alleged that appellant knew that appellee was young; that he was inexperienced in railroading, and that he was unaware of its dangers and hazards; that on account of his youth and inexperience in railroad work appellee knew, and could know, nothing of the extra hazard and dangerous risk to which he exposed himself when he took employment with appellant; that appellee, neither at the time when he took employment on said train, nor at the time of the accident, had any knowledge of the defective construction of appellant's road bed and track, or of its dangerous condition; but that appellant did know, not only that appellee was young and inexperienced, but knew also that appellee had no knowledge of such extra hazards; and yet that appellant, knowing all these facts, gave appellee no notice or warning of the dangers of his employment, or of the unsafe condition of the road.

The severe rule which appellant contends for may well be applicable to the case of an experienced employe, one whose means and opportunities to discover and avoid dangers may be equal to those of the employer. But when the employe is a youth, and inexperienced in the business in which he engages, particularly when there is great and unusual hazard which, nevertheless, an in-

experienced eye may be unable to detect, it would seem that a less rigid rule should be applied. "Fools rush in where angels fear to tread." The eye and ear of youthful inexperience discover no danger where the wakeful senses of the mature man of knowledge perceive the most deadly peril. It is the duty of one who employs a person of tender years and inexperience in any occupation attended with danger, especially when there is extra hazard, to give his employee timely caution, and make him aware of the risks which he undertakes.

The complaint states that appellant, on the 2d day of October, 1889, and at the date of the filing of the complaint, December 7, 1889, was a corporation owning and operating a railroad from Evansville to Seymour, and that the accident occurred on said road near Indian Springs, which the court knows to be nearly midway on said road; even an experienced man would have no reason to know that on such a line of railroad, so owned and operated, such a dangerous place should exist as that described in the complaint, and of which appellee had no knowledge or warning.

In the *Atlas Engine Works* v. *Randall*, 100 Ind. 299, it is said: "Where an inexperienced servant is required to perform a hazardous service, in the performance of which extraordinary caution or peculiar skill is required, in order to enable him to avoid dangers which may be apparent, it may be a question for a jury to determine whether, under all the circumstances, the master gave sufficient caution of the danger or adequate information of the means necessary to avoid it."

In the case before us the employe was not only inexperienced, but also youthful.

In the *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 165, it is said: "In all cases the master is bound to disclose to the servant latent defects and dangers of

which he has knowledge, or of which he ought to have knowledge by the exercise of reasonable attention, care and diligence, and of which the servant has no knowledge, and would not discover by the exercise of reasonable care. This is particularly so when the master employs, for a hazardous and dangerous work, a child, young person, or other person without experience, and of immature judgment."

In *Louisville, etc., R. W. Co.* v. *Frawley*, 110 Ind. 18, at p. 23, the court says: "It can not be doubted, that a service which involves obvious danger may be performed in comparative safety by one who has had adequate experience, or sufficient instruction, while the same service would be attended with almost certain injury if attempted by one who had neither experience nor instruction. In such a case, the employer, who, with knowledge of the want of experience of an employe, nevertheless, without instruction or warning, exacts from him a service which requires the observance of extraordinary caution or the exercise of peculiar skill in order that an apparent danger may be avoided, may, depending on the extent of the incapacity of the employe, the nature of the service required, and all the other circumstances of the case, be liable for an injury sustained. *Parkhurst* v. *Johnson*, 50 Mich. 70, 45 Am. Rep. 28; *O'Connor* v. *Adams*, 120 Mass. 427; *Coombs* v. *New Bedford Cordage Co.*, 102 Mass. 572, 3 Am. Rep. 506; *Ryan* v. *Tarbox*, 135 Mass. 207; *Wheeler* v. *Wason Mfg. Co.*, 135 Mass. 294; *Dowling* v. *Allen & Co.*, 74 Mo. 13, 41 Am. Rep. 298."

The case before us is in many respects similar to *Louisville, etc., R. W. Co.* v. *Frawley, supra*. In both cases the employment was one of great hazard, the employe was a minor and inexperienced in the occupation in which he engaged; in both cases the want of knowledge

and experience of the employe was known to the employer, and in both cases the employe was set to work without notice or caution of the hazard attendant upon his employment. In this case, as in that, the facts pleaded in the complaint constituted a good cause of action, and the issues were properly submitted to the jury for trial.

In Texas it has been held that "The facts that plaintiff was nineteen years old, and of fair intelligence, and that he had worked as brakeman for several months, are not sufficient to warrant the presumption that he had assumed the risks of his employment as a person of full age." *Texas and Pacific R. W. Co.* v. *Brick,* 20 S. W. Rep. 511.

It may be that this case goes further than our decisions would warrant.

In 14 Am. and Eng. Encyc. of Law, p. 897, it is said to be "the duty of a master who sets a servant to work in a place of danger to give him such notice and instruction as is reasonably required by the youth, inexperience or want of capacity of the servant." See, also, *Ib.,* p. 902.

In California it has been expressly decided that "The running of a construction train off the track by reason of the roughness of the road is not one of the risks assumed by a railroad laborer." *Trask* v. *California, etc., R. R. Co.,* 63 Cal. 96; 11 Am. and Eng. R. R. Cas. 192; 14 Am. and Eng. Encyc. of Law, 853.

Appellant says that the complaint is bad for another reason, that it does not show that the accident was the result of the negligent condition of the road bed and track, and refers to *Harris* v. *Board, etc.,* 121 Ind. 299. We see nothing in point in that case. There a defect in a bridge was charged, and, also, an injury to a horse that passed over the bridge, but it was not averred that

the horse was injured in consequence of the defect in the bridge.

In this case the complaint alleges that "said train, without any fault or negligence on plaintiff's part, but wholly on account of the said insufficient road bed and track thereon, so carelessly and negligently constructed by defendant, * * was thrown from the track of said road; and, by reason thereof," plaintiff, who was riding thereon, was thrown from the car and injured, etc. It would appear that the connection between the defective condition of the road of appellant and the injury to appellee is sufficiently stated.

There is nothing in the objection that the suit was brought in the name of the appellee by his next friend, or that the next friend's written consent was not given.

The written consent appears, and the suit was properly brought. Section 256, R. S. 1881; *Greenman* v. *Cohee, by Next Friend*, 61 Ind. 201.

Appellant also contends that it was error for the court to strike out the second and third paragraphs of the answer. This ruling is not in the record by bill of exceptions, or otherwise, and can not be considered. The fact that the motion to strike out was not signed by appellee's attorney, can only appear in the record by the bill of exceptions. *Ammerman* v. *Crosby*, 26 Ind. 451; *Weston* v. *Lumley*, 33 Ind. 486; *Indianapolis, etc., R. R. Co.* v. *Dunden*, 39 Ind. 359; *Greensburg, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424; *American Ins. Co.* v. *Gibson*, 104 Ind. 336.

A demurrer was sustained to the fourth paragraph of the answer. The paragraph sets up that the injury was done during the noon hour. The appellee, as we think, was not out of the line of his duty simply because he chose to remain upon the car during the noon hour; it may have been necessary for him to keep his place on

The Evansville and Richmond R. R. Co. v. Maddux, by Next Friend.

the car in order to be ready for duty when the hour should expire. In any event, the evidence under this paragraph might have been given under the general denial; for the complaint charged that he was in the line of his duty when he was injured. *Fuller* v. *Wright*, 59 Ind. 333.

Appellant complains, also, of the instructions given by the court. We find the exceptions to the instructions taken substantially as required by the statute, R. S. 1881, section 535. But there is no bill of exceptions showing the instructions and the exceptions, as required by section 650, R. S. 1881. We have, however, examined the instructions as set out in the transcript, and find them to be a correct and fair statement of the law and the duties of the jury in preparing their special verdict.

Appellant objects to the special verdict that it finds that appellee was at an expense of two hundred dollars for medical and surgical attention, for the reason that being a minor his parents were liable for those expenses. The complaint alleges that he was a minor, and as such he appears by next friend; the verdict finds that he was eighteen years of age, and that he had no means of support but his daily labor. Therefore, the evidence not being in the record, we must presume that he was without parental support, and himself entitled to compensation for the expense of his sickness. Besides, it does not appear from the verdict that the expense of his sickness was taken into account in assessing his damages.

Having found no available error in the record, the judgment is affirmed.

Coffey, C. J., dissents.

Filed Feb. 18, 1893.

### On Petition for a Rehearing.

Howard, J.—Appellant contends that the demurrer to the first paragraph of the complaint should have been

sustained, because, amongst other reasons, no particular point is indicated where the road was more dangerous than at other points. Even if this were true, we think that a motion to make more specific would have been the proper pleading to reach such defect. A demurrer will not be sustained for mere indefiniteness or uncertainty, which might be reached by a motion to make more certain and particular.

The jury found the defect to be "at the point where the accident occurred." This correction could have been made on proper motion in the trial court, and will be deemed to have been so made.

In *Lowry* v. *Dutton*, 28 Ind. 473, the court held that an objection that a complaint for trespass does not state where the trespass was committed is not raised by a demurrer for want of facts. And in *Hamilton* v. *Winterrowd*, 43 Ind. 393, it was held that an amendment which might have been made in the court below, to make a pleading correspond with the proof, will in the Supreme Court be deemed to have been made. See, also, *Krewson* v. *Cloud*, 45 Ind. 273, and *Bristol Hydraulic Co.* v. *Boyer*, 67 Ind. 236.

We think that the ninth finding of the jury shows that appellant knew of appellee's youth and inexperience, and knew that appellee had no opportunity of discovering the condition of the road at the point of the accident, and hence that there was in this respect no variance between the allegations and the proof.

The opinion does not draw as an intendment from the verdict the fact that appellee's parents were dead. He sued by next friend, and the fifteenth finding is that he was without other support than his daily labor. He was, therefore, without parental support, and the opinion goes no further than this.

There is no conflict between the decision in this case

and the decision since rendered by this court in *Evansville, etc., R. R. Co.* v. *Henderson*, 33 N. E. Rep. 1021. The statement of facts made in the pleadings was quite different in that case, as appears from the opinion there filed. But, in addition, the decision in that case turned almost altogether upon the evidence, while in this case the evidence is not in the record.

The petition for a rehearing is overruled.

Filed June 13, 1893.