### ROYSE *v.* GRAY ET AL.

[No. 11,156. Filed February 15, 1922. Rehearing denied May
18, 1922. Transfer denied March 30, 1923.]

1. LANDLORD AND TENANT.— *Action for Possession.— Pleading
   and Proof.—Variance.—Materiality.*—In a landlord's action for
   possession of leased premises, where the cause was tried upon
   the theory that the rent was payable monthly in advance, and
   that it was not so paid, and the evidence was sufficient to
   establish that theory, *held*, that the variance, if any, between
   the evidence and the complaint alleging a leasing for the term
   of one month was not material and did not mislead defendant
   to his prejudice. p. 485.

2. APPEAL.—*Questions Reviewable.—Variance between Pleading
   and Proof.—Failure to Object Below.*—The objection of a vari-
   ance between pleading and proof cannot avail the defendant
   on appeal, where it could have been obviated in the court
   below by amending the complaint to correspond with the proof.
   p. 485.

3. LANDLORD AND TENANT.— *Lease.— Termination.— Rent Pay-
   able in Advance.*—Section 8057 Burns 1914, §8211 R. S. 1881,
   providing for a ten day's notice to quit, is not applicable where
   there is an agreement that the rent shall be paid in advance,
   as in such cases no notice to quit is necessary under the pro-
   visions of §8059 Burns 1914, §5213 R. S. 1881. p. 486.

From Marion Superior Court (A10,536) ; *Solon J.
Carter,* Judge.

Action by John R. Gray and another against James
G. Royse. From a judgment for plaintiffs, the defend-
ant appeals. *Affirmed.*

*Korbly & McNutt* and *Fred E. Schortemeier,* for ap-
pellant.

*B. F. Watson,* for appellees.

McMAHAN, J.—Appellees filed their complaint Sep-
tember 21, 1920, before a justice of the peace alleging
that they had leased to appellant certain premises for

the term of one month; that appellees were entitled to the possession of said premises; that appellant was unlawfully holding over and retaining possession to their damages and demanding judgment for possession and for damages. After a trial before the justice there was an appeal to the superior court where the cause was tried by the court without jury and resulted in a finding and judgment for appellees for possession of the property and for $240 damages. Appellant's motion for a new trial on the ground that the decision of the court was not sustained by sufficient evidence and was contrary to law was overruled, and this ruling is here assigned as error.

Appellant contends that the tenancy was a tenancy from year to year and ran to May 20, 1921, and that there was no evidence of a tenancy from month to month with rent payable in advance. He also contends that appellees' complaint is based upon the theory of tenancy from month to month while the evidence discloses a tenancy from year to year, thus creating such a variance as to prevent a recovery under the allegations of the complaint.

The evidence is sufficient to show that appellant entered into possession of the property in 1918, under a parol lease for the term of one year ending May 20, 1919; that upon the expiration of said year appellant continued to occupy the premises under such tenancy with an agreement that the rent should be paid monthly in advance.

Appellant contends that the evidence fails to show an agreement that the rent should be paid monthly in advance. Mrs. Gray testified that it was agreed that the rent was to be so paid. Appellant testified that on August 20, 1920, he was in Michigan, and, knowing the rent was due on that day, he sent money to appellees by telegraph; that on September 20, 1920, he was out

of the city until late in the evening, when he thought about the rent being due and that it should be paid. On cross-examination he testified that he realized the rent was due that day (September 20) and made an effort to pay it, and that when he sent the money by telegraph August 20, he knew it was due that day. Appellant does not claim that he paid the rent due September 20. He did, however, mail a check to appellees about nine p. m. of said day, but it did not reach appellees until some time in the afternoon of September 21, which was after this suit had been commenced. Appellees refused to accept this check and returned it to appellant.

Appellant insists that even though the facts be as stated and be true, the evidence is not sufficient to sustain the finding of the court because of the variance between the complaint and the evidence. In so far as this contention is concerned, it appears that the cause was tried upon the theory that the rent was payable monthly in advance, and that it was not so paid. The evidence was sufficient to establish that theory, and, as we view the case the variance, if any, was not material and did not mislead appellant to his prejudice. Section 401 Burns 1914, §392 R. S. 1881, provides that: "Where the variance is not material, * * * the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs." And as said by the court in *Steinke* v. *Bentley* (1893), 6 Ind. App. 663, 34 N. E. 97: "If the court may thus direct the jury, he may, of course, thus find himself, when the cause is tried without a jury."

Appellant at the trial made no objection that there was a variance and it is a well-established rule that the objection of a variance, not taken at the trial, cannot avail the defendant as an error on appeal, if it could have been obviated in the court below.

*Groves* v. *State* (1889), 121 Ind. 357, 23 N. E. 155. Since the complaint might have been amended in the court below to correspond to the proof, it will be deemed to have been so amended here. *Bristol Hydraulic Co.* v. *Boyer* (1879), 67 Ind. 236; *Evansville, etc., R. Co.* v. *Maddux* (1893), 134 Ind. 586, 33 N. E. 345, 34 N. E. 511.

Appellant's next contention is that he was, under §8057 Burns 1914, §8211 R. S. 1881, entitled to a ten days' notice to quit. That statute, however, is not applicable to a case where there is an agreement that the rent shall be paid in advance. In such cases no notice to quit shall be necessary. §8059 Burns 1914, §5213 R. S. 1881; *Ingalls* v. *Bissot* (1900), 25 Ind. App. 130, 57 N. E. 723; *Templer* v. *Muncie Lodge, etc.* (1912), 50 Ind. App. 324, 97 N. E. 546. Appellant has stated a large number of propositions in support of his contention, but they all relate to the questions heretofore discussed, and have been given careful consideration.

There was no error in overruling the motion for a new trial.

Judgment affirmed.