LONDON AND LANCASHIRE INSURANCE COMPANY, LIM-ITED, OF LONDON V. MASON ET AL.

[No. 13,444.   Filed November 18, 1929.]

*Hodges & Davis*, for appellant.
*Greenlee, Richardson & Greenwald*, for appellees.

LOCKYEAR, J.—A complaint was filed by the appellee Stephen J. Mason against the appellant, London and Lancashire Insurance Company, Ltd., of London, and against the appellee Paul B. Lipinski. Said complaint was in one paragraph, based upon an insurance policy issued by the appellant to the appellees. The complaint alleged ownership of a Lexington automobile by the appellee Mason; its insurance on July 5, 1924, by the aplant against certain perils, including loss by fire; the destruction of the car by fire on July 25, 1924; due notice of loss to the appellant and the filing of proofs of loss by appellee and a loss-payable clause to the appellee Paul Lipinski in the sum of $750. Relief was prayed in the sum of $1,500, and further prayer that the interest of the appellee Paul Lipinski be determined and adjudicated.

Appellee Lipinski filed answer to this complaint in two paragraphs. The first paragraph of answer was in general denial, and the second paragraph of answer set forth said appellee's interest in said policy, with a prayer for judgment in the sum of $909.90.

To this complaint, and to the counter-claim of appellee Lipinski, appellant filed an answer in general denial. Upon the issues thus formed, the court entered a finding against the appellant in the sum of $1,214, and the court further found for appellee Lipinski that his interest in said policy of insurance was in the sum of $958.75, and the court further found for the appellee Mason, in the sum of $255, on which findings, the court rendered judgment.

Appellant filed its motion for a new trial, which motion was overruled by the court, to which ruling of the court, the appellant duly excepted and prayed an appeal to this court.

The only error assigned in this court is the overruling of the appellant's motion for a new trial, which was on

the grounds that the decision of the court was not sustained by sufficient evidence and was contrary to law, and that the court erred in admitting in evidence, over the objection of the defendant herein, the evidence given by Stephen J. Mason of facts tending to prove a waiver of proof of loss. The only question that we need to consider is the admissibility of the testimony of said Mason.

The policy of insurance provides for notice and proof of loss as follows: "In the event of loss or damage the assured shall within six days give notice thereof in writing to this company; and within 60 days after such loss, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by the assured, stating the place, time and cause of the loss or damage, the interest of the assured and of all others in the property, the sound value thereof and the amount of loss or damage thereon, all encumbrances thereon and all other insurances, whether valid or not, covering said property."

Appellee Mason testified that, immediately after the fire, he reported his loss to Paul Lipinski; that he went to the company's office in Chicago about his loss. He did not see Mr. North who was the appellant's adjuster, but saw his assistant. He talked to someone in Mr. North's office about the loss of his automobile by fire. The assistant opened up his ledger, looked at the condition of the policy and everything, and said that they had received several letters and reports on this, but that they were not liable to pay for the automobile, for the reason that they were going to cancel the policy. The time that he went to see them in Chicago was around in August, between the 1st and 26th. Denial of liability waives all right to claim want of notice or proof of loss. *Continental Ins. Co.* v. *Blair* (1917), 65 Ind. App. 502, 114 N. E. 763; *Springfield, etc., Ins. Co.* v. *Fields* (1916), 185 Ind. 230, 113 N. E.

756; *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378, 111 N. E. 305.

The appellant says that the complaint does not allege facts on the theory of waiver, nor does it allege the performance of all the conditions of the contract on the part of the appellee, which would include waiver, for which reason the appellant contends that the court erred in admitting in evidence, over objection of the appellant, the evidence given by the appellee Stephen J. Mason. It is true that the appellant objected to the testimony of said witness and excepted to the ruling of the court in admitting the same, but it is not shown upon what grounds the appellant objected to the testimony, therefore, appellant's objection is not available on appeal. *Lake Erie, etc., R. Co.* v. *Parker* (1884), 94 Ind. 91; *Clanin* v. *Fagan* (1890), 124 Ind. 304, 24 N. E. 1044; *Louisville, etc., R. Co.* v. *Rush* (1891), 127 Ind. 545, 26 N. E. 1010.

Section 418 Burns 1926, provides: "No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits."

Section 419 Burns 1926, provides: "Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs."

It has been held that, if the court may direct the jury to find a fact according to the evidence, the court may so find the fact when the trial is before the court, and, since the complaint might have been amended in the court below to correspond to the proof, it will be deemed to have been so amended here. *Bristol Hydraulic Co.* v. *Boyer* (1879), 67 Ind. 236; *Evansville, etc., R. Co.* v. *Maddux* (1893), 134 Ind. 586, 33 N. E.

345, 34 N. E. 511; *Royse* v. *Gray* (1922), 79 Ind. App. 483, 134 N. E. 217.

Judgment affirmed.

McMahan, C. J., not participating.